## PAUL O. DECKER v. DIRECTORS OF THE POOR.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF
HUNTINGDON COUNTY.

Argued April 19, 1888—Decided April 30, 1888.

The will of a testator created a trust in real estate in favor of his son Paul, directing the trustee to pay over every six months all the rents and profits to the cestui que trust or to whomsoever he in writing might designate.

The cestui que trust deserted his wife and child, leaving them a charge upon the county, and, proceedings being instituted under § 29, act of June 13, 1836, P. L. 547, to subject his estate to the maintenance of his family: *Held*,

That, it was unnecessary to determine what was the nature and extent of Paul's interest in the land, or the proceeds thereof, under the will; it was sufficient to know that he had under his control an income which, under the statute, it was lawful to seize and apply to the support of his wife and child to the extent necessary for their economical maintenance and support.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

Nos. 372 and 373 January Term 1888, Sup. Ct.; court below, No. 12 December Term 1887, Q. S.

On October 22, 1887, proceedings were brought before two justices of the peace of Huntingdon county by the directors of the poor of said county, under § 29, act of June 13, 1836, P. L. 547, entitled "An act relating to the support and employment of the poor," to procure the warrant of said justices authorizing the said directors to take and seize so much of the goods and chattels and receive so much of the rents, issues and profits of the real estate of Paul O. Decker, as in the judgment of the said justices should be sufficient to provide for his wife, Florence Decker, and to maintain and bring up his child, Pauline Decker. The justices made a finding, from the proofs submitted to them, that said Florence Decker was the lawful wife of said Paul O. Decker and the said Pauline Decker, his lawful child, the latter being twelve years of age; that in

November, 1875, said Paul O. Decker separated himself from his said wife without reasonable cause and deserted his said child, had ever since persisted in said separation and desertion, was not a resident of the commonwealth, and his said wife and child were in destitute circumstances and a charge upon the said county of Huntingdon. They further found that the said Paul O. Decker was the owner of a certain lot of ground in the borough of Huntingdon having thereon erected a large frame hotel building known as the "Washington House." They therefore adjudged and decreed that the goods and chattels of said Paul O. Decker, and the rents, issues and profits of his real estate, to an extent sufficient to provide for his said wife and to maintain and bring up his said child, were liable to be taken and seized by the said directors for that purpose and of right ought to be so applied. They therefore authorized the said directors to take and seize so much of the goods and chattels and to receive so much of the rents, issues and profits of the real estate of the said Paul O. Decker as should amount to the sum of three hundred dollars each year, to be computed from October 22, 1887, and to continue during said separation and desertion, that being the sum which in the judgment of the said justices was requisite and sufficient to, etc. On the same day the said justices issued their warrant accordingly to the said directors, and on the same day the warrant was returned under oath that by virtue thereof the directors had seized and attached the rents, issues and profits of the real estate referred to, in the hands of the tenants, etc., and that said Paul O. Decker was not in the county and had no goods or chattels in said county.

On December 14, 1887, a transcript of the record before the said justices, showing the information made, the finding and judgment and a copy of the warrant and of the return thereto, was filed in the Court of Quarter Sessions, and the same day, a rule was granted upon the directors of the poor to show cause why the said proceedings and warrant should not be annulled and an order refused.

On January 18, 1888, the petition of Thomas M. Conprobst, trustee, was filed, by the direction of the court, with copies of the will of Nicholas Decker, deceased, praying, for reasons

sufficiently appearing in the opinion of the court below, that said proceedings be dismissed, annulled, and set aside, etc.

On February 17, 1888, the court, FURST, P. J., after argument, filed the following opinion and decree:

There is nothing in the will of N. C. Decker exhibited to the court which would prevent the seizure of the rent of the real estate devised to the trustee of Paul O. Decker, arising out of the clause, that it shall not be liable for his debts.

If the claim of the directors was strictly a " debt," it is a very serious question whether the will of N. C. Decker was intended to cover subsequent debts. This claim is subsequent to the death of said N. C. Decker, and there is no expression in the will which expressly refers to future debts which Paul O. Decker might contract. But this claim is not in the nature of a debt. It is intended to apply the estate of Paul O. Decker to the support of his family, his wife and young child. The legal unity existing between husband and wife makes them one so far as support is concerned, and the parental relation is such that the offspring is considered his own household, and part and parcel of his own support. His estate, under the will of his father, was intended to be applied to their personal support, which embraces his wife and minor child.

The fourth item in the will provides that Thomas M. Conprobst, the trustee, shall every six months pay over to Paul O. Decker, or to the person he may designate, all the rents and profits of every kind, etc., of the lot designated as No. 215, in the borough of Huntingdon; and the trustee, with the written consent of said Paul O. Decker, shall have power to sell the said property, and invest the proceeds for the sole benefit of Paul O. Decker, or turn over the proceeds to Paul O. Decker, if he so demand, and this shall terminate the trust, etc.' This, in our opinion, gives Paul O. Decker such absolute or beneficial ownership of the property devised to him, and of the rents and profits thereof, that will warrant the seizing of the rents for the support of his family. When a husband and father is so devoid of a sense of his duty and the obligations resting upon him, by virtue of the marital relation, to support his wife and infant child, he cannot with any reason ask the court to assist him in avoiding this duty. If a father, pos-

sessed of as much estate as this defendant seems to have, will permit his infant child to be cast upon the charities of the poor-house, and abandon and desert his wife without cause, he cannot be heard to complain against the law, which appropriates a part of his estate for their support.

We therefore approve of the proceedings in this case and enter judgment accordingly.

The warrant and proceedings in this case are sustained, and the directors of the poor are authorized to collect and receive the rents and profits of the property mentioned and described in said proceedings, to the amount of three hundred dollars annually, and the tenants upon the property mentioned are ordered to make payment of the rents and profits of said property to the said directors, for the use of and support and maintenance of Florence Decker, wife of said Paul O. Decker, and Pauline Decker, minor child of said Paul O. Decker, not exceeding the sum of three hundred dollars annually, and the costs of these proceedings to be also paid out of said rent so attached.

Thereupon Thomas M. Conprobst took the writ to No. 372,* and Paul O. Decker that to No. 373, assigning said opinion and decree as error.

*Mr. George B. Orlady* and *Mr. R. Bruce Petrikin*, for the plaintiff in error:

The question now for this court is, is this a "spendthrift trust," or such a trust as protected the rents and profits of the real estate devised to Thomas M. Conprobst, in trust, from seizure, for the payment of this sum of money, which in the judgment of the justices of the peace, sustained by the court,

---

\* OPINION, MR. JUSTICE STERRETT:

Plaintiff in error, as trustee under the will of Nicholas C. Decker, deceased, intervened for the purpose of defending against the proceeding instituted by the directors of the poor, etc., against the cestui que trust, Paul O. Decker, and has taken this separate certiorari thereto. The questions involved in that contention as well as in this, have been considered and disposed of in the opinion just filed in No. 373 January Term 1888, Paul O. Decker v. Directors of the Poor, etc. For reasons there given the proceedings complained of should be affirmed.

The order of the court below is affirmed, with costs to be paid by plaintiff in error out of the trust funds.

is directed to be paid annually, from the rents and profits of the real estate in the record and will described? That it is, we confidently maintain the deliverances of this court abundantly show.

1. The trust in Thomas M. Conprobst is an active one: Earp's App., 75 Pa. 119. The will, besides, in apt language, creates for the sole use and maintenance of Paul O. Decker a "spendthrift trust." Can there be any doubt upon this question? The fourth and sixth items of the will conclusively rebut any argument to the contrary. His honor, Judge FURST, by his decree, if affirmed by this court, would unsettle a rule of property in Pennsylvania, so firmly established that it could only be changed by legislation. Commencing with Fisher v. Taylor, 2 R. 33, down to Phila. Trust Co. v. Guillou, 100 Pa. 254, there is no break in the current of decisions. We will cite some of them: Fisher v. Taylor, 2 R. 33; Ashhurst v. Given, 5 W. & S. 323; Vaux v. Parke, 7 W. & S. 19; Brown v. Williamson, 36 Pa. 338; Rife v. Geyer, 59 Pa. 395; Bachman v. Wolbert, 2 W. N. 438 (not reported); Overman's App., 88 Pa. 276; Thackara v. Mintzer, 100 Pa. 151; Phila. Trust Co. v. Guillou, 100 Pa. 254.

2. The only occasion in which this rule of property peculiar to Pennsylvania was in imminent danger of overthrow was in the case of Overman's App., 88 Pa. 276, in which his Honor Chief Justice AGNEW, delivering the opinion of the court, against the dissent of three of his learned brethren of the bench, would have abrogated the rule; but upon a re-argument of the case an undivided court came to the rescue, and in the conclusion of the opinion delivered by Justice WOODWARD he says: "Nothing is better settled than the rule which sustains such trusts as this. It has produced beneficent and just results. And it ought not to be evaded or infringed in any case that is fairly within its scope."

3. Overman's Appeal was an extreme case, as was also the case of Ashhurst v. Given, 5 W. & S. 323, yet this court has always sustained the ruling of Mr. Justice KENNEDY in the latter case: "Whoever has the right to give has the right to dispose of the same as he pleases. Cujus est dare ejus est disponere, is the maxim which governs in such cases." In that case, the cestui que trust was his own trustee.

*Mr. J. R. Simpson*, for the defendants in error:

1. The law puts this claim ahead of the trustee, and seizes the rents and profits before they go into his hands. If the cestui que trust (so called for convenience, but not admitting that he is such), could receive any rents under this will, then, because of the legal unity of him and his wife and child, the wife and child are to receive said rents first, under § 29, act of June 13, 1836, P. L. 547. The regularity of the proceeding is unquestioned: Sterling v. Commonwealth, 2 Gr. 162.

2. Again, this so-called trust differs from those considered in the cases cited by the plaintiffs. In all those cases the cestui que trust received the income, but the corpus of the estate descended to others. Under the will in this case the devise gives to Paul O. Decker, the rents to be collected for an indefinite period by a so-called trustee, but the trust to be terminated at the demand of the cestui que trust. A general devise with power to dispose of the corpus carries a fee: Second Ref. P. Church v. Disbrow, 52 Pa. 219; Schieffelin v. Kessler, 5 R. 115; Ogden's App., 70 Pa. 501. A gift of the income is a gift of the thing: Van Rensselaer v. Dunkin, 24 Pa. 252.

OPINION, MR. JUSTICE STERRETT:

This is a proceeding under the 29th section of the act of June 13, 1836, to subject so much of the rents, issues and profits of certain real estate, held in trust for defendant below under his father's will, as will be sufficient to provide for his deserted wife and child. The fact that they were both basely deserted by him is too clearly established to admit of any doubt; and the only question is whether the delinquent and heartless husband and father has such an interest in the real estate in question, or in the rents, issues and profits thereof, as is liable to seizure under the provisions of the act. The learned president of the Quarter Sessions is of opinion that he has, and in that we fully concur.

The will of Nicholas C. Decker, creating a trust in favor of his son Paul, the defendant below, directs the trustee to pay over every six months to the cestui que trust or to whomsoever he in writing may designate, all the rents and profits of every kind accruing from the property referred to. He is thus

the recipient semi-annually of a considerable sum over which he has absolute control. It is neither improper nor illegal to compel him to do what it should have been his pleasure to do voluntarily, namely, to share that income with his helpless wife and child, at least to the extent that may be required for their economical maintenance and support.

It is unnecessary to determine what is the nature and extent of Paul O. Decker's interest in the land, or the proceeds thereof, under his father's will. It is sufficient in this, and in all similar cases, to know that he has under his control an income in which those dependent on him for support and maintenance are entitled to participate. If promptly enforced, as it should be, the order of court will doubtless accomplish the desired object.

We deem it unnecessary to add anything to what the court below has said in justification of the order complained of. There appears to be no error in the proceedings of which either plaintiff in error or his trustee has any just reason to complain.

> The order of the court below is affirmed, with costs to be paid by Paul O. Decker, defendant below.