## Philadelphia *v.* Meredith.

*Husband and wife—Support—Deed of settlement—Trust and trustees—Act of June 13, 1836, sec. 29, P. L. 539.*

1. Where a man executes a voluntary deed of settlement of his estate to a trustee who is to pay the net income to the settler, or upon his written order, during his life without anticipation, and without being subject to execution or attachment for debts accruing after the execution of the deed, and the settler subsequently marries, and thereafter deserts his wife, who becomes a charge upon the poor authorities of the city, such authorities may by proceedings in the quarter sessions, instituted under the Act of June 13, 1836, sec. 29, P. L. 539, obtain an order on the trustee for a weekly payment out of income for the support of the settler's wife. Such an order, however, will be subject to a prior valid assignment of income, to pay a debt.

2. A person sui juris cannot, as against creditors, either prior or subsequent, settle his property by an irrevocable deed in trust for his own use for life in such manner as to enjoy all the benefits of ownership and share none of the burdens.

Argued Dec. 15, 1911. Appeal, No. 280, Oct. T., 1910, by Vivian Frank Gable, Garnishee, from order of Q. S. Phila. Co., Sept. Sessions, 1910, No. 1,282, confirming warrant of seizure in case of Department of Public Health & Charities of the City of Philadelphia v. James E. Meredith. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Complaint for desertion.

From the record it appeared that the magistrate before whom the complaint was made issued a warrant of seizure, which was subsequently confirmed by the court of quarter sessions. Other facts appear by the opinion of the Superior Court.

*Error assigned* among others was in confirming the order of seizure.

*Albert Smith Faught,* for appellant.—The appellee can-

not work out an equity through the wife: Kutz v. Nolan, 224 Pa. 262; Ashhurst's App., 77 Pa. 464; Earp's App., 75 Pa. 119; Potter v. Fidelity Ins. Trust & Safe Deposit Co., 199 Pa. 360; Egbert v. De Solms, 218 Pa. 207; Long's Est., 39 Pa. Superior Ct. 323; Thomas v. McCready, 5 S. & R. 387; Decker v. Poor Directors, 120 Pa. 272.

*E. C. Bonniwell,* assistant city solicitor, with him *Michael J. Ryan,* city solicitor, for appellee.—The present case is one where the attack is made upon the trust property by one standing in the relation of a creditor, or on a higher plane, to the cestui que trust, who has the enjoyment of the property and the right to dispose of the same without reservation, and where he may even become invested with its ownership, free from any interference on the part of the trustees, and in this respect it is similar to and ruled by: Mackason's App., 42 Pa. 330; Ghormeley v. Smith, 139 Pa. 584; Nolan v. Nolan, 218 Pa. 135.

OPINION BY ORLADY, J., March 1, 1912:

On November 28, 1908, James E. Meredith, by his deed duly executed and delivered, assigned, transferred and set over to Vivian Frank Gable, attorney at law, certain scheduled securities and cash amounting to $4,000, and all moneys and property, to which the assignor "is or may be entitled upon the death of Catharine H. Chestnut," etc., in trust, that the said Gable should invest and keep invested the securities, to recover all moneys and property to which the assignor "now or hereafter is entitled under a designated trust and will:" and to pay over quarterly the net income derived therefrom to the said James E. Meredith aforesaid, or upon his written order during the whole period of his natural life, "so that the same shall be for the sole, separate, exclusive use and benefit of the said James E. Meredith, and shall not be in any manner pledged, appropriated, disposed of or parted with by anticipation or before the same shall have accrued or become payable, nor be subject to execution, attachment or

sequestration for any of the debts or liabilities of the said James E. Meredith, contracted after the execution of this indenture." Other provisions arranged for the distribution of the estate as the said Meredith by his last will and testament may direct and appoint, and upon default of such will, then to the persons and in the manner provided by the intestate laws of the state: and further if, "in the opinion of Vivian Frank Gable or his successors in the trust it should become safe and proper and conducive to the happiness and best interest of Meredith at any time to pay and reconvey to him the said property and estate," etc.

On November 18, 1909, James E. Meredith married his wife Evelyn, and in August, 1910, deserted her without known cause. His whereabouts was unknown at the time of the hearing in this case. The wife became a public charge, and on September 13, 1910, the present plaintiff instituted proceedings before a magistrate in a warrant of seizure to attach and seize the property which Meredith had conveyed by his deed of November, 1908, and the judgment was confirmed by the quarter sessions, which directed, that from the rents and profits of the real estate and from the personal estate held by the trustee, Evelyn Meredith, the wife, should receive the sum of $10.00 per week for her support and maintenance.

The only question before us, is such a conveyance effective as against the plaintiff's claim—all the important facts are admitted and the legal principles involved have been before the courts in many cases.

The manifest purpose of the deed was to protect James E. Meredith from his own deficiencies, and preserve the body of his estate from being wasted and mismanaged by him. Evidently the retention of control by him over the net income to be derived from his estate was deemed sufficient for his own support, until in the opinion of his trustee it would be "safe and proper and conducive to the happiness of James E. Meredith to pay and reconvey the property and estate to him."

The proceeding was instituted under the authority of

sec. 29 of the Act of June 13, 1836, P. L. 539, and its supplements,—"to take and seize so much of the goods and chattels, and receive so much of the rents and profits, of the real estate of such man as in the judgment of the said magistrate shall be sufficient to provide for such wife."

The present plaintiff had not only the right, but it was its statutory duty to see that this deserted and indigent wife was properly maintained, and it was equally its duty to recover from the person on whom that duty was primarily placed by the law and compel him to perform his duty by contributing to her support. The department is interested in seeing that the wife does not become or continue to be a public charge. The deserted wife is entitled both morally and legally to the support of her husband. His willful desertion of her establishes her right to proceed against him either in her own name, or in the name of the present plaintiff. She is a creditor with special rights as fixed in the statutory procedure.

The same defense was interposed and failed in Decker v. Poor Directors, 120 Pa. 272, for the reason, as stated by Judge STERRETT, that "it is neither improper nor illegal to compel him to do what it should have been his pleasure to do voluntarily, namely, to share that income with his helpless wife, at least to the extent that may be required for their economical maintenance and support. It is sufficient in this, and in all similar cases, to know that he has under his control an income in which those dependent on him for support and maintenance are entitled to participate," which is quoted with approval in Board of Charities & Corrections v. Lockard, 198 Pa. 572, although in that case this court was reversed (13 Pa. Superior Ct. 572) for the reason, that the cestui que trust was excluded from the exclusive control of the fund.

In the case before us Meredith expressly created the fund which is attached, the net income was to be paid quarterly to him or upon his written order during the term of his natural life. This control over the income was recognized in two assignments which he executed in 1909 to

G. M. D. Pelty, Jr., and which were accepted by the trustee, so that the rights of this creditor are protected in the decree made by the court below.

In Holbrook's Est., 213 Pa. 93, it is said, a man may not settle his own property on himself so as to keep it out of the reach of creditors, for that would lead directly to fraud. So late as Nolan v. Nolan, 218 Pa. 135, in a case very like the one before us the Supreme Court declares, " a person sui juris cannot, as against creditors, either prior or subsequent, settle his property by an irrevocable deed, in trust for his own use for life . . . . in such manner as to enjoy all the benefits of ownership and share none of the burdens.

The deed declares the intention to provide for the maintenance of James E. Meredith, and the law will construe it to include his wife, whom he is by law bound to maintain. If intended to place his estate beyond the reach of his honest creditors, and at the same time allow him to have control over the income, it was void in so far as affecting the rights of such creditors.

The proceedings in this case are regular; and the authorities relied on by the appellant are easily to be distinguished from the ones herein cited. The assignment to Peltz is recognized as a valid one, so that the plaintiff is postponed in collecting anything from the trustee until the payment of the Peltz claim. The order made by the court below will then become effective, and as it defines the exact sum to be paid per week to the wife, the alleged error in changing the amount of the property seized from a sum as named by the magistrate, to a larger one mentioned in the schedule in the notice to the trustee, is not material.

The order and decree of the court of quarter sessions is affirmed.