## Fox's Estate.

*Spendthrift trusts—Termination in discretion of trustee.*

1. Where a deed of trust for the life of the settlor, with spendthrift clauses, contains a provision for reconveyance to the settlor if, at any time, the trustee shall be of opinion that such reconveyance has become "safe, proper and conducive to the happiness, prosperity and best interests" of the settlor, the court will not ter-minate the trust upon the application of the guardian *ad litem* of the settlor's minor child, to whom he had assigned his interest in the fund, where the trustee formally declines to terminate it.

2. A letter written by the trustee to the mother of the minor child, to the effect that he will be pleased to give the assignment every intendment and effect in law that is consistent with the terms of the deed of trust, does not show that, in his opinion, it is to the best interests of the settlor to terminate the trust, and such letter will not estop the trustee from subsequently declining to terminate it.

3. Where a trust is created by a deed between parties who are *sui juris*, the Court of Common Pleas is the tribunal in which questions of the construction of the instrument are to be determined, and the Orphans' Court is without jurisdiction in such cases.

Exceptions to adjudication. O. C. Phila. Co., April T., 1906, No. 37.

*Reber, Granger & Montgomery,* for exceptant.

*Frederick L. Breitinger,* contra.

LAMORELLE, P. J., Nov. 23, 1926.—At the audit, one-half of the fund released and distributable because of the death of Catharine H. Chestnut *(nee* Fox), a *cestui que trust* (which occurred Jan. 11, 1926), as to which one-half James E. Meredith admittedly had a vested interest, was claimed, on the one hand, by Vivian Frank Gable under an indenture, as hereinafter set forth, and, on the other hand, by the guardian *ad litem* of a minor child of James E. Meredith.

The Auditing Judge found that Mr. Gable was entitled, in that he had not consented to a termination of the trust, the trust to be a valid and subsisting

one, and made an award accordingly. The guardian, contending that the trustee, by acquiescing in a subsequent assignment, had thus ended the trust, filed exceptions.

These exceptions are now before us. They raise one main question and others subsidiary thereto.

The principal question relates to the existence of the trust.

By indenture dated Nov. 28, 1908, James E. Meredith, "for the purpose of preserving his property and estate for the support of himself," assigned, transferred and set over unto Vivian Frank Gable certain property therein described, which included, among other things, all the estate to which Meredith was or might be entitled upon the death of Catharine H. Chestnut under the will of Charles Fox, deceased. These funds were to be held in trust and the trustee was to pay over the net income derived therefrom to the said James E. Meredith, or upon his written order, ". . . during the whole period of the natural life of him, the said James E. Meredith, so that the same shall be for the sole, separate, exclusive use and benefit of the said James E. Meredith and shall not be in any manner pledged, appropriated, disposed of or parted with by anticipation . . ." or to be subject to execution, etc., for debts and liabilities of James E. Meredith contracted after the date of the instrument. James E. Meredith reserved a right to dispose of the principal by will; failing to appoint, the trustee was to pay over and distribute under the intestate law of Pennsylvania. Then follows the proviso which gives rise to the present controversy: "Provided, however, nevertheless, that if at any time hereafter during the life of the said James E. Meredith it shall, in the opinion of the said Vivian Frank Gable or his successors in said trust, become safe and proper and conducive to the happiness, prosperity and best interest of the said James E. Meredith to pay and re-convey to him said property and estate, then and in such case it shall and may be lawful for him so to do, and upon the same being done, he shall become released and discharged from any and all liability therefor or on account thereof, and he, the said James E. Meredith, shall thereafter have and hold the same freed and discharged from said trust as fully and effectually as if this present Indenture had never been made."

The trust thus created was accepted in writing by Vivian Frank Gable. The indenture, which was under seal, was duly acknowledged and filed of record with the Recorder of Deeds.

At the audit, Mr. Gable formally declined to terminate the trust. Two letters were then offered in evidence as showing that the trustee had theretofore in effect agreed that the trust was to end. Before, however, quoting from these letters and discussing their purpose, it becomes necessary to show the circumstances under which they were written.

By writing, under seal, dated Sept. 2, 1924, James E. Meredith set over and quit-claimed all his right, title and interest in and to the proceeds of the Catharine H. Chestnut trust, and provided that upon the "vesting" of the estate in him, the same should become the sole and absolute property of his daughter, Helen E. Meredith, upon her attaining majority; and that if it "vested" in him prior to that time, his daughter was to have the income until she was of age. All expenses in connection with the winding up of the estate were to be borne by Meredith, so that his daughter was to have the gross fund. There were other provisions as to payments to his wife, Helen E. Meredith, etc., which, however, do not affect the matter now under consideration. A copy of this paper was served upon the trustee, whereupon he acknowledged receipt in the letters before referred to.

Fox's Estate.

The guardian bases his claim upon the language of these letters.

We quote so much thereof as we deem pertinent.

"October 10, 1924.

"Mrs. Helen L. Meredith, Mrs. Helen Edith Meredith, Detroit, Mich.:

"Dear Mesdames: I acknowledge receipt of copy of assignment and agreement, executed by James E. Meredith, dated at Detroit, September 2, 1924, under the caption of the case of Helen L. Meredith, Plaintiff, and James E. Meredith, Defendant, No. 106988 in the Circuit Court for the County of Wayne, State of Michigan, in Chancery.

"I shall be pleased to give the assignment every intendment and effect in law that I can consistent with the terms of the Deed of Trust which constituted me Trustee for James E. Meredith, for the fund left under the will of Charles Fox, deceased, which would have passed to James E. Meredith upon the death of Catharine H. Chestnut.

"It must be clearly understood, however, that all proper legal expenses, including costs, commission, counsel fees, will have to be borne by the Trust Fund. . . ."

"Law Offices VIVIAN FRANK GABLE.

"October 10, 1924.

"Reber, Granger & Montgomery, Esqs.,
         1503 Jefferson Building, Philadelphia, Pa.

"*Attention Mr. Harkins.*

"Dear Sir: Please find enclosed herewith copy of letter in the matter of James E. Meredith, addressed to Helen L. Meredith and Helen E. Meredith, which I trust will be sufficient for your purposes, and enable you to have the matter closed. . . .                                    Yours very truly,

(Signed)   VIVIAN FRANK GABLE."

It further appears that in October, 1924, a decree in divorce was entered by the Circuit Court of Wayne County, Michigan, between Helen E. Meredith and James E. Meredith, which *ordered* that when the interest of James E. Meredith vested in him it should be turned over to a proper guardian.

The trustee who held title to this property was not a party to the proceeding.

The validity of the trust is not attacked; if it were, the answer is found in Philadelphia *v.* Meredith, 49 Pa. Superior Ct. 600. Said Judge Orlady, at page 602: "The manifest purpose of the deed was to protect James E. Meredith from his own deficiencies and preserve the body of his estate from being wasted and mismanaged by him. Evidently the retention of control by him over the net income to be derived from his estate was deemed sufficient for his own support until, in the opinion of his trustee, it would be 'safe and proper and conducive to the happiness of James E. Meredith to pay and reconvey the property and estate to him.' "

Is there anything in the letters written by the trustee which shows that, in his opinion, it may be "safe, proper and conducive to the happiness of James E. Meredith to pay and reconvey?" We think not.

Whatever the first of these two letters may mean—and the letter is lacking in clarity—it certainly does not express the purpose of terminating the trust. Possibly the real explanation—and it appears a reasonable one—was that the trustee would, as he said, give the assignment to the daughter such "effect in law" as was not inconsistent with the purpose of the trust. On consideration, however, the trustee must have realized that to make effective this assignment, he must first convince himself that it would be conducive to James E.

Meredith's happiness and for his best interests, and, on reflection, he concluded that it was not, for at the audit he claimed the fund under the trust.

What he did emphasize in this letter was that, in event he consented to end the trust, it was to be done in proper form, due regard being had to costs, commission, fees, etc.

This was a direct answer to Mr. Meredith's statement that the daughter was to have the fund and that he personally was to bear the expenses.

The subsidiary contentions raise these two questions: Is the guardian of the daughter now entitled to income from the trust under and because of the assignment?

This is a matter not properly before this court, and as to which we are without jurisdiction. The trust is created by deed between parties *sui juris*, and the Court of Common Pleas alone is the tribunal in event that questions of distribution are to be determined. It may not be out of place to say that the question as to whether a *cestui que trust* in a spendthrift trust may assign or dispose of income by anticipation is treated at length in Shuster's Estate, 26 Dist. R. 232.

Is the decree in divorce binding upon the trustee? Long before the divorce proceedings, James E. Meredith had, by irrevocable deed of trust, conveyed all his interest in the Chestnut trust, and he, of his own volition, was powerless to modify or revoke it. If, however, the trust may be terminated because of a decree in divorce of another state, to which the trustee was not a party, that question is also for the Court of Common Pleas.

An examination of the authorities cited by exceptant shows that none are in point on the facts of the instant case; we, therefore, deem it needless, in our present discussion, to either cite or refer to them.

Finding no error in the findings of fact and in the conclusions of law by the Auditing Judge, we dismiss all exceptions and confirm the adjudication absolutely.