Armstrong *v.* Connelly.

Argued December 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*W. Horace Hepburn, Jr.,* for appellant.—Where a husband is living separate and apart from his wife and has deserted his family and children there is no doubt that she is a creditor of the husband: Erdner v. Erdner, 234 Pa. 500; Duncan v. Duncan, 265 Pa. 464; Bouslough v. Bouslough, 68 Pa. 495.

*Michael J. O'Callaghan,* for appellee.—If fraud is alleged and relied upon as a defense, the affidavit of defense must state specifically and at length in what it consists; the facts constituting the defense must be stated, and must be positively averred to exist: Beaver Falls Co. v. Whiteside, 54 Pa. Superior Ct. 475; Moore v. Ins. Co., 196 Pa. 30; Little v. Thropp, 245 Pa. 539, 544; Phila. v. Schaefer, 269 Pa. 550, 554; Baker v. Tustin, 245 Pa. 499.

An affidavit of defense must be considered as a whole and a general denial is of no avail; an affidavit that is contradictory or equivocal is insufficient: Iron Trade

Prod. Co. v. Wilkoff, 272 Pa. 172; Noll v. Assn. Corp., 76 Pa. Superior Ct. 510.

The action of sci. fa. sur mortgage is for the purpose of collecting a debt and is not intended to determine the title to real estate: Gelston v. Donnon, 44 Pa. Superior Ct. 280; Windolph v. Girard Trust Co., 245 Pa. 349.

OPINION BY MR. JUSTICE SADLER, January 6, 1930:

Gustavus W. Connelly acquired, in 1896, by will from his father, subject to the life estate of his mother, a property in Philadelphia. He was married, but failed to support his wife and children, and, in December of 1894, was directed by the court to contribute to their support. In January of 1895, he deserted his family, and failed to return during his lifetime, which ended on July 2, 1923. The interest of testator's widow terminated upon her death in 1901, and, from 1902, Sarah Connelly, Gustavus's wife, and the children occupied the premises in question, and she still has possession. The husband failed to comply with the judicial direction to furnish maintenance, and was in default in 1922 to the amount of $5,448.64. On June 22, of that year, the deserted wife filed a bill in the common pleas seeking to charge the real estate with the sum due, but it was dismissed on the authority of Scott v. Scott, 80 Pa. Superior Ct. 141, because the municipal court was held to be the only tribunal having jurisdiction to grant relief. On July 1, 1922, Connelly executed a mortgage on this property for $2,500, payable in three years, to John W. Armstrong, a real estate broker associated with the attorney for the mortgagor, and it was entered of record on November 9th.

No steps were taken to enforce payment of the interest during the lifetime of Connelly, nor to collect the principal or interest, after the mortgage became due, until December 24, 1928, when a scire facias was issued in which the mortgagor was named as the real owner in an affidavit filed. His previous death made service upon

him impossible, and a return of nihil habet was filed, but Mrs. Connelly, the occupant of the land was served, as appears by the record. By the Act of April 23, 1903, P. L. 261, amending that of July 9, 1901, P. L. 614, she was thereby made a party to the proceeding, and it became her duty to appear and set forth any defense existing, which she did on January 9th following. Notwithstanding, an alias sci. fa. was later issued, and a second return of nihil habet made. Two supplemental affidavits of defense were filed with leave of court, averring the death of the mortgagor in 1923, her actual possession, and that the instrument sued on was fraudulent, having been executed without consideration, for the purpose of defrauding her of the maintenance judicially awarded in 1894, and the arrearages accruing thereafter. These were held insufficient and summary judgment was entered for plaintiff. Thereafter a paper was filed by the mortgagee setting forth that Connelly, dead more than five years, could not be found. A final judgment was then directed by the court against the husband for want of an appearance, "and Sarah E. Connelly, real owner, for want of sufficient affidavit of defense." Damages were assessed the same day at $3,863.88, and Mrs. Connelly has appealed.

The court below was first of the opinion that the affidavit of defense could not be considered, since the wife was not a party to the proceeding, and had not been granted the right to intervene. She was not, in the strict sense of the word, a terre-tenant, because not a grantee of the owner: Hulett v. Mutual Life Ins. Co., 114 Pa. 142. Had the contrary been true, under the prevailing practice before the passage of the Acts of 1901 and 1903, she would have been treated as a party, though this is not expressly required by the Act of July 12, 1705 (1 Sm. L. 57; Nevil v. Heinke, 22 Pa. Superior Ct. 614), which legislation designated those who must necessarily be served, as the mortgagor (if alive), or the "heirs, executors or administrators," when deceased, for, in such

case, a proceeding against him has been said to be a nullity: 41 C. J. 888. Whether the personal representatives or the heirs are the proper ones to be called in to defend, under these circumstances, has been the subject of discussion (Federal Land Bank v. King, 294 Pa. 86), but need not be considered in the present proceeding. In any event, the persons interested must be given the opportunity to make all legal defenses available.

The Acts of 1901 and 1903, already referred to, altered the practice existing under the earlier statute by providing "that the plaintiff......in any writ of scire facias......shall file with his præcipe an affidavit setting forth, to the best of his knowledge, information and belief, who are the real owners of the land charged...... and all such persons shall be made parties to the writ." The effect is to make terre-tenants necessary defendants, who may interpose any proper defense. But the legislation referred to goes further in directing that one found in occupancy of the land must also be served, and such person added to the writ with the same effect as if the original summons had been directed to him. In the present case, Mrs. Connelly was in possession, and served. The presumption is that the sheriff performed his legal obligation and joined her as a party to the writ. This not only gave her standing to appear, but permitted her to enter all legal objections to the entry of judgment. It could not be said, therefore, that, not having intervened formally, she was without authority to interpose any defense she might have. It may also be observed that Mrs. Connelly is designated as the "real owner" in the final judgment entered.

Having the right to appear and defend as a party, it remains to consider whether Mrs. Connelly averred sufficient facts in the original affidavit, and its two supplements, to prevent the entry of a summary judgment. She first claimed to be the owner by reason of the uninterrupted possession of the land from 1902 to 1928. This assertion was supplemented by the averment of the mak-

ing of an order for support in 1894, which had not been complied with, resulting in accruing indebtedness for unpaid arrearages. She thus became a creditor of her husband, and, as such, had standing to attack the conveyance as fraudulent if made, without consideration, to deprive her of established rights, as averred.

This court said, in considering the rights of a wife to her husband's property, in Bouslough v. Bouslough, 68 Pa. 495, 499: "The rule that forbids the wife to avoid the voluntary assignment or gift of her husband, must change when her relation to him changes. There is no reason why a wife whose husband has deserted her, and refused to perform the duty of maintenance, or who by cruel treatment has compelled her to leave his house, and commence proceedings for divorce and maintenance, should not be viewed as a quasi creditor in relation to the alimony which the law awards to her. So long as she is receiving maintenance, and is under his wing as it were, she is bound by his acts as to his personal estate; but when she is compelled to become a suitor for her rights, her relation becomes adverse, and that of a creditor in fact, and she is not to be balked of her dues by his fraud. But it is argued that this cannot exist until a decree be made for the alimony. But why is her case before the decree not as much within the spirit and intent of the statute of the 13th Elizabeth, as that of a subsequent creditor who was intended to be affected by a deed made before his debt was contracted, but in view of it." The deserted wife is entitled to protection and support, and acts of assembly, recognizing her as a creditor, have been passed to insure payment of necessary sums from the estate of the absent husband: Act of July 21, 1913, P. L. 867, amending that of April 27, 1909, P. L. 182, and May 23, 1907, P. L. 227. It is expressly set forth in the affidavits filed that the mortgage was given without consideration, with knowledge of plaintiff, as the result of a conspiracy, for the purpose of cheating her of a creditor's rights, and that no attempt to enforce

or collect any interest thereon had been made from the time of its execution in 1922 until the sci. fa. was issued in 1928, five years after the death of the maker of the instrument.

The court below was of opinion that the claims of defendant were contradictory, in first asserting she was owner, and then creditor, and, in the latter case, that the details of the fraud were not set forth with sufficient precision, but with this conclusion we cannot agree. It also considered the affidavits incomplete, in failing to more accurately define the order of court directing the payment of maintenance. It did set forth that a decree had been made in 1894, and an attempt to enforce the same in the common pleas, sitting in equity, in 1922, which court refused to entertain jurisdiction, not for the reason that the sum claimed was not due, but because the matter was cognizable only in the municipal court. This dismissal of the suit did not preclude setting up the defense now interposed: Ballentine v. Ballentine, 2 Mona. 333. Though a husband may transfer his interest in property without the consent of the wife (Windolph v. Girard Trust Co., 245 Pa. 349), he cannot do so with the fraudulent intent of defeating her rights (Waterhouse v. Waterhouse, 206 Pa. 433; Young's Est., 202 Pa. 431; Killinger v. Reidenhauer, 6 S. & R. 531), particularly when she stands in the recognized position of creditor. The purpose here charged was not merely a design to deprive the wife of marital interests in the husband's property, but to defraud her of the sums due to her as creditor, arising from the failure to pay sums due for maintenance. The Fraudulent Conveyance Act provides: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors": Act May 21, 1921, P. L. 1045, section 7.

An examination of the affidavits filed in this case does not show so clearly the want of a meritorious defense as justified the entry of a summary judgment. Doubtful cases should go to trial, especially those involving intricate relations demanding inquiry into the facts of the controversy: Eizen v. Stecker, Inc., 295 Pa. 497. Where a doubt exists as to whether or not a summary judgment should be entered, this should be resolved in favor of refusing to enter it: Rhodes v. Terheyden, 272 Pa. 397; Helfenstein v. Line Mountain Coal Co., 284 Pa. 78.

The judgment of the court below is reversed and a procedendo awarded.