## Commonwealth ex rel. v. Caughey

*Duff, Stockdale & Doyle*, for plaintiff.

*William F. Donatelli*, for defendant.

*Anne X. Alpern*, city solicitor, and *Joseph A. Langfitt, Jr.*, Assistant city solicitor, for City of Pittsburgh.

LENCHER, P. J., December 13, 1950.—The parties are husband and wife, the parents of four minor children. He lives here in Pittsburgh, she and the four children live in the home of the maternal grandfather in Greensburg, Westmoreland County, where, on our order verbally announced in open court this day, he may visit the children Sunday afternoons. An order was entered February 1, 1950, for the support of the wife and four children in the amount of $155 per month, payable semi-monthly. Defendant is an investigator for the City of Pittsburgh, earning about $280 a month, net. The parties last appeared in our court on September 25, 1950, at which time Harkins, J., directed credits in favor of defendant in the sum of $100 on the arrearages then due, and entered judgment in favor of relatrix for arrearages in the sum of $830. Attachment execution issued against the City of Pittsburgh as garnishee. We have been asked to accord defendant more credit against the judgment for other cash sums supposedly delivered by defendant to or for the wife, to reduce the monthly order from its present sum of $155, and to quash the attachment and dissolve it on the theory that funds in the hands of a municipality are not subject to attachment execution, especially attachment of wages or salaries. We take up the latter complaint first.

The doctrine is well established that funds in the hands of the government or a governmental agency are not attachable: Bulkley v. Eckert et al., 3 Pa. 368; Fairbanks Co. v. Kirk et al., 12 Pa. Superior Ct. 210. The Congress and our legislature each has the power to immunize a fund—until it actually reaches the hands of its owner—from every attachment, and normally this may include process on behalf of a wife and children for collection of a support order: Commonwealth v. Berfield, 160 Pa. Superior Ct. 438, 51 A. (2d) 523. The rule is applicable even when the duty of perform-

ing the particular governmental function is entrusted to a subordinate governmental agency with corporate power and with funds partially contributed from the salaries of employes (Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County, et al., 335 Pa. 177, 6 A. (2d) 870), and applies to retirement funds on the theory, inter alia, that the performance of the State's obligation to compensate and protect its servants is a governmental function rather than a proprietary one: Bausewine v. Philadelphia Police Pension Fund Association, 337 Pa. 267, 10 A. (2d) 446.

Yet the courts of Pennsylvania have placed the moral and social duty on a husband and father to support his family on a very high legal status. Beginning with the early cases (Decker v. Directors of the Poor, 120 Pa. 272, 13 Atl. 925), the courts of Pennsylvania have repeatedly declared it neither improper nor illegal to compel a married man to do what it should have been his pleasure to do voluntarily, namely, to share his income and property with his wife and child, at least to the extent that may be required for their economical maintenance and support. The fact that she may be gainfully employed or have property does not deprive her of her right to support by her husband; the duty is imposed upon him in good morals and by law: Commonwealth ex rel. Shotz v. Shotz, 130 Pa. Superior Ct. 561, 198 Atl. 472. And the court has power to commit a husband or father for contempt in failing to pay arrearages: Commonwealth ex rel. Liuzzi v. Liuzzi, 142 Pa. Superior Ct. 239, 15 A. (2d) 738. In Pennsylvania we have established the wife's right to sue him in assumpsit in any civil court of competent jurisdiction for past sums advanced by her for her maintenance or that of their children: Dunn v. Dunn, 27 D. & C. 716. Such action to recover accrued payments has been allowed even after his discharge from commitment for

his refusal to pay: Commonwealth v. Rowe, 28 Dist. R. 496. Our appellate courts have strongly supported the validity of legislative provisions recognizing the deserted wife as a creditor, and insuring payments of necessary sums from the estate of an absent husband: Armstrong v. Connelly, 299 Pa. 51, 56, 149 Atl. 87.

Cited and approved, inter alia, in the Berfield case, supra, are attachment executions against spendthrift trusts directly created for the sole benefit of the husband and father, and such executions against workmen's compensation awards notwithstanding specific provision by our legislature exempting such awards from execution attachment. Under the Pennsylvania provisions for support of a wife or children or both, the wages of defendant husband and father may be attached in execution: Commonwealth ex rel. Deutsch v. Deutsch, 347 Pa. 66, 31 A. (2d) 56. Execution on such an order or judgment will issue against real estate held by the entireties: Commonwealth ex rel. Greenawalt v. Greenawalt, 347 Pa. 510, 32 A. (2d) 757. The marriage and parental relationship being established or admitted, defendant's physical presence within the Commonwealth will sustain a support order against him; none of the parties—husband, wife or children—need have permanent residence in Pennsylvania: Commonwealth ex rel. Sanders v. Sanders, 111 Pa. Superior Ct. 202, 169 Atl. 470; Commonwealth ex rel. Bucciarelli v. Bucciarelli, 162 Pa. Superior Ct. 582, 60 A. (2d) 554. As a logical sequence, the appellate courts have approved an attachment execution here against all the wages of a husband at the request of a nonresident wife who, in the State in which she resides, would have been able to proceed only against part of the husband's wages in execution of a support order: Commonwealth ex rel. Bolen v. Bolen, 167 Pa. Superior Ct. 168, 74 A. (2d) 542. We have held that attachment executions should bind wages that come into the employer's hands

between the time of the issuance of the attachment execution and the time of trial: Bechtol v. Bechtol, 96 Pitts. L. J. 404; and other courts hold to the same policy: Commonwealth v. Mitchell et al., 69 D. & C. 213. That is to say, the courts of Pennsylvania will not encourage a husband and father to become either "a faithless parent and husband or a vicious citizen": Stewart's Estate, 334 Pa. 356, 364, 5 A. (2d) 910. Accordingly, we agree with the position taken by the Municipal Court of Philadelphia in Commonwealth ex rel. v. Dougherty, 44 D. & C. 305. It is but a sensible application of the policy announced by our Supreme Court in the Deutsch and other cases supra, that wages of a municipal employe in the hands of the city should be held intact for the care of his wife and children, who are morally and legally a part of defendant, and who should share reasonably with him in the enjoyment of all forms of his property.

Once again we heard defendant's claim for credits in addition to the $100 credit given him by another judge on September 25, 1950. A careful study of all the evidence including the wife's denial that she or any of the four children received such additional moneys moves us to deny him any additional credits. No development since the original order makes it proper that we reduce the monthly order of $155 for the support of the wife and four children, who of course, should be visited by the father as we have already indicated, supra. Our power is clear, however, to control with reason and fairness the judgment that has been entered against this defendant, particularly under the provisions of the Act of June 19, 1939, P. L. 440, 17 PS §263; Commonwealth ex rel. Walker v. Walker, 164 Pa. Superior Ct. 582, 67 A. (2d) 667. This defendant has been compelled to borrow moneys to live on since his wages are attached. Counsel will draw orders directing the municipality-garnishee and the sheriff to

deliver to relatrix 70 percent of the wages now accrued and held in the hands of the municipality, defendant to receive the remainder after the deduction of all legal costs of this proceeding, which are hereby assessed against defendant.