## Commonwealth *v.* Berfield, Appellant.

Submitted December 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Henry C. Hicks* and *Lewis G. Shapiro,* for appellant.

*Michael J. Maggio* and *Malcolm Muir,* for appellee.

OPINION BY HIRT, J., March 11, 1947:

The parties to this proceeding [1] were married in Pennsylvania in 1905 and have been domiciled in this State. In a proceeding under the Act of April 13, 1867, P. L. 78, defendant was ordered to pay his wife, the relatrix, $50 per month for her support. For failure to comply with the order, the court on December 28, 1945, adjudged him in contempt and his person was attached. Later, on February 6, 1946, the court modified this order by directing that he be purged of the contempt upon payment of

---

[1] The caption of the case is amended to Commonwealth ex rel. Estella Berfield v. Oliver C. Berfield.

the arrearages at the rate of $50 per month to August 11, 1945, and at the rate of $30 per month thereafter. Defendant only partially complied with the modified order. He paid relatrix $518, the amount of the past-due payments under the support order, in full to August 11, 1945. But he has refused to recognize any liability for arrearages since that date for two reasons: He contends that he is wholly relieved by a Florida divorce decree which he secured prior to that date; and he insists that, in any view, his person is not subject to attachment for failure to comply with the support order, because his sole income since August 11, 1945, has been a pension or annuity of $103.22 per month payable to him as a retired employee of New York Central Railroad which under the Railroad Retirement Act of Congress is not subject to ". . . attachment, or other legal process under any circumstances whatsoever . . ." [2] It is argued that compliance with the order cannot be enforced directly by attachment of the fund, and that what is forbidden by the statute cannot be accomplished indirectly by attachment of the person. Defendant has appealed from the refusal of the court to vacate the order attaching his person. The order will be affirmed.

Defendant went to Florida on October 18, 1944. He consulted an attorney two days later and, on his advice registered in the State of Florida for the sole purpose of setting up proof of residence for the statutory period beginning with that date, in a divorce proceeding which he then had in contemplation. Relatrix remained in Pennsylvania; she was served with process here and she did not submit to the jurisdiction of the Florida court by appearing in the action. A decree of divorce was entered on April 17, 1945 by a judge of a Circuit Court of that State. Respondent returned to Pennsylvania on August 22, 1945. Profitable employment in war work, and not domiciliary intent, kept him in Florida until

---

[2] Act of Congress August 29, 1935, c. 812, §12, as amended June 24, 1937, c. 382, Part I, §1, 50 Stat. 316, 45 U. S. C. A. §228L.

that date. The evidence, without question, supports the finding of the lower court that respondent went to Florida for the purpose of getting a divorce from his wife and wholly without the intent of acquiring a bona fide residence in that state. For want of that jurisdictional prerequisite, the decree was a nullity as to relatrix. *Com. ex rel. Esenwein v. Esenwein,* 153 Pa. Superior Ct. 69, 33 A. 2d 675, affirmed in 348 Pa. 455, 35 A. 2d 335, and in 325 U. S. 279, 65 S. Ct. 1118. *Melnick v. Melnick,* 154 Pa. Superior Ct. 481, 36 A. 2d 235; *Com. ex rel. Meth v. Meth,* 156 Pa. Superior Ct. 632, 41 A. 2d 752; *Williams v. State of North Carolina,* 325 U. S. 226, 65 S. Ct. 1092.

The obligation of a husband to support his wife does not arise in contract and is not a debt; the husband's liability is imposed by law as an incident of the marital status. And because of the obligation arising from that status and the legal unity of husband and wife, our appellate courts have held that a wife may look to a fund payable to her husband, however safeguarded by law or by the language of its creation, from attachment by others. *Moorehead's Estate,* 289 Pa. 542, 552, 137 A. 802; *Com. ex rel. v. Peterson,* 100 Pa. Superior Ct. 600. The legal unity existing between husband and wife make them one so far as support is concerned. *Decker v. Poor Directors,* 120 Pa. 272, 13 A. 925. Thus, it has been consistently held that a wife may look for support to a spendthrift trust, though created for the sole benefit of her husband. *Moorehead's Estate,* supra; *Stewart's Estate,* 334 Pa. 356, 5 A. 2d 910; *Lippincott et al. v. Lippincott et al.,* 349 Pa. 501, 37 A. 2d 741. So also, an order against a husband for support can be enforced out of workmen's compensation payments notwithstanding the provision of §318 of the Act of June 2, 1915, P. L. 736, reënacted June 21, 1939, P. L. 520, 77 PS 621, exempting such payments from levy, execution and attachment. *Com. ex rel. v. Peterson,* supra. On the same principle, in spite of statutory exemption from attachment (Act of April 15, 1845, P. L. 459, §5, 42 PS 886) a wife may

enforce the payment of her support out of wages due her husband in the hands of his employer. *Com. ex rel. Deutsch v. Deutsch,* 347 Pa. 66, 31 A. 2d 526.

The above authorities however go no farther than to say that in specific circumstances a wife is not barred from looking to a fund for her support which is exempt from attachment as to others. But certainly Congress or our legislature has the power to immunize a fund from every attachment, including process on behalf of a wife for the collection of a support order. The Railroad Retirement Act is such legislation and must be so construed. The general language of the provision exempting the annuity or pension from "attachment or other legal process *under any circumstances whatsoever*" (emphasis added) bars a wife from looking to a fund though earmarked for the payment of an annuity to her husband. Under this Act of Congress funds supplied by railroads and their employees are paid into the United States Treasury. Through an administrative agency of government a railroad employee on retirement is entitled to receive from the treasury an annuity based upon his and his employer's contributions to the fund. The provision of the act exempting the fund from attachment was not in aid of delinquent husbands seeking to evade their responsibilities but was intended solely to relieve the Federal authorities as administrators of the fund from the annoyance of attachment of pensions or annuities in their hands, payable to railroad employees after retirement.

The lower court properly took into consideration the amount of the annuity payable to respondent in determining his sufficient ability to support his wife. Congress did not intend to restrict or in any way affect the right of a wife to enforce payment of her support out of funds or property, whatever their source, in the possession of her husband. Relatrix, in enforcing payment of the support order, might have attached the proceeds of annuity payments in the hands of her hus-

band when actually received by him.[3] And we have no doubt as to the authority of the court to attach the person of respondent, in contempt for failure to comply with the order of the court, though the effect of the attachment may be to compel him to support his wife out of annuities paid to him under the above Act of Congress.

Order affirmed.

---

[3] Cf. 54 Am. Jur., Trusts, §171; Restatement, Trusts, §152j.; *Riverside Tr. Co. v. Twitchell et al.*, 342 Pa. 558, 562, 20 A. 2d 768. The principle is analogous that income from a spendthrift trust becomes the property of a beneficiary when actually received by him and as such is subject to attachment by creditors.