## Commonwealth ex rel. v. Kotanchick

*Lark, Makowski & Marateck,* for relatrix.
*Daniel W. Kearney,* for defendant.

TROUTMAN, J., November 24, 1954.—On March 6, 1954, an order of support was entered against defendant, Michael Kotanchick, in favor of his wife, Catherine Kotanchick, in the sum of $50 per month, to be paid in semi-monthly payments of $25 each on or about the first and fifteenth days of each month. Defendant paid $20 on account of said order and has failed to comply with the same since its entry.

The relatrix, Catherine Kotanchick, caused a writ of attachment execution to issue out of the court of quarter sessions under the provisions of the Act of May 10, 1921, P. L. 434, sec. 1, 48 PS §136, and the School District of Coal Township was served as garnishee. Subsequently, interrogatories and responsive answers were filed, revealing that the garnishee held in its hands the sum of $862.61, representing wages due defendant, Michael Kotanchick. Judgment was entered in the sum of $310 with interest from March 6, 1954, and costs. The præcipe filed by counsel for the prosecutrix contained the further language, "said judgment to remain in force and effect until the remaining balance in the hands of garnishee has been exhausted by payments to prosecutrix in accordance with the Court Order of March 6, 1954".

On October 18, 1954, defendant, through his counsel, moved the court to dissolve the attachment by payment to Catherine Kotanchick of the sum of $310 with interest and costs, and further requested the court to order the garnishee to pay over to defendant, Michael Kotanchick, or his attorneys, the balance of the fund in the possession of the garnishee. Subsequently, on November 1, 1954, defendant, through

his attorneys, filed a written motion with the court to dissolve the attachment in these proceedings for the reason that the said attachment was void ab initio, in that, at the time of the said attachment, the only moneys in the hands of the treasurer of the School District of Coal Township was public money to be applied to the support of the schools in the said township and that the garnishee had no money in its hands due and owing to defendant, except that which was due to him for services as a teacher in the said district. Both of these motions are now before the court for disposition.

We shall first discuss the motion to dissolve the attachment for the alleged reason that the said attachment was void ab initio. Defendant contends that since the moneys in the hands of the garnishee was public money and that the moneys due defendant were for services rendered as a teacher by him, the attachment execution is invalid and void.

It is well-settled that under the provisions of the Act of May 10, 1921, supra, a judgment or decree based upon an order for support of a wife or children may be enforced by writ of execution attaching in the hands of the employer the wages or salary of the defaulting husband: Commonwealth ex rel. Deutsch v. Deutsch, 347 Pa. 66, 69. Consequently, a wife is not barred from looking to a fund for her support which is exempt from attachment as to others.

As a matter of public policy, funds in the hands of municipalities and governmental agencies, owing to individuals, are not subject to attachment: Commonwealth v. Mooney, 172 Pa. Superior Ct. 30, 32. However, this only applies to attachments by ordinary creditors and not where the attachment is based upon an order of support for defendant's wife or family. It is generally recognized in Pennsylvania that orders for support are in a different category, due to the

fact that it is the policy of the law to make all of a husband's resources available for the support of his wife and family: Stewart's Estate, 334 Pa. 356; Moorehead's Estate, 289 Pa. 542; Commonwealth v. Berfield, 160 Pa. Superior Ct. 438, 441; Commonwealth v. Mooney, supra, 33.

In Commonwealth v. Berfield, supra, the Superior Court held that the obligation of a husband to support his wife does not arise in contract and is not a debt. The husband's liability is imposed by law as an incident of the marital status, and because of the obligation arising from that status and the legal unity of husband and wife, our appellate courts have held that a wife may look to a fund payable to her husband, however safeguarded by law or by the language of its creation from attachment by others. We are of the opinion that an attachment based upon an order of support can issue against a municipal corporation or governmental agency: See Commonwealth ex rel. v. Caughey, 76 D. & C. 305. This conclusion is not contrary to the opinions of the Superior Court in Commonwealth v. Berfield, supra, and Commonwealth v. Mooney, supra, for in both cases there were specific exemptions in the statutes creating the governmental funds which prohibited payments from being subjected to attachment, execution or other legal process, under any circumstances. In this case, we have no statute whatsoever limiting the attachment of wages in the hands of the school district.

In this proceeding, defendant, and not the garnishee, has made the motion to dissolve. The main reason given for exempting a municipality or governmental agency from attachment is that the government shall be free from the annoyance and uncertainty arising out of disputes between individuals entitled to payments from public funds and others claiming a right therein by attachment. In this case,

the governmental agency, as garnishee, answered the interrogatories acknowledging indebtedness to defendant, allowed judgment to be entered against it, and raised no question as to the right of plaintiff to summon it. Under such circumstances, an attachment will not be dissolved on the motion of defendant: 10 Standard Pennsylvania Practice, p. 265; Wiatt v. Brueningser, 29 Luz. 318. Consequently, defendant's motion to dissolve the attachment must be refused.

The second motion filed by defendant seeks to have the court dissolve the attachment in these proceedings upon payment to the relatrix, Catherine Kotanchick, the amount due for arrearages and order the garnishee to pay to defendant the balance of the funds in its hands due defendant.

According to the garnishee's answer to interrogatories, it has in its hands the sum of $862.61, representing wages due defendant, Michael Kotanchick. At the time judgment was entered, the sum of $310 with interest and costs was due the relatrix on account of the order of support in her favor. Defendant contends that upon the payment of this amount, the relatrix has no further claim upon the fund in the hands of the garnishee and, consequently, defendant is entitled to the fund.

It is the contention of the relatrix that the lien of the attachment remains against the balance of the fund in the hands of the garnishee for any payments of support which may accrue in the future, such claims as they accrue to be paid out of the fund until it is exhausted.

The Act of May 10, 1921, supra, under which the attachment was made, provides, inter alia, as follows:

". . .; and, in cases where the order, decree, or judgment requires the payment of stated sums at stated intervals, said writ of attachment execution shall remain a lien and continuing levy until the last

payment due under such order, decree, or judgment has been made, with costs."

The order of support upon which the present attachment is based provides for the payment of $50 per month, in semi-monthly payments of $25 each, by defendant, and under such circumstances, the Act of May 10, 1921, supra, provides that the attachment shall remain a lien and continuing levy until the last payment due under such order has been made. Clearly, the language of section 1 of this act provides not only for the satisfaction of arrearages on an order of support, but also contemplates that if any of the fund remains, after the satisfaction of the arrearages of the order of support, the balance remains under the lien of the attachment which constitutes a continuing levy on the balance until the last payment due under the order is paid or the fund exhausted.

In Stewart's Estate, supra, 365, the Supreme Court construed the Act of May 10, 1921, supra, in relation to the attachment of income of the husband in a spendthrift trust. In this case, the Supreme Court stated that since the passage of this act, a wife has two remedies at her disposal, either she can proceed by reducing the accrued payments to judgment and then proceed to collect the sum due her as an ordinary debt, or she may proceed under the Act of 1921, where the order, decree or judgment allowing her support requires " 'payments of stated sums at stated intervals' ", and the writ shall remain a lien and continuing levy until the last payment due under such order has been made, with costs.

Under the provisions of this act, the levy continues and the payments of support as they accrue can be paid out of the fund in the hands of the garnishee until the order of support is cancelled or the fund exhausted. Consequently, we find no merit in defendant's motion to dissolve the attachment and to pay

the balance of the fund in the hands of the garnishee to him and his motion must be refused.

*Order*

And now, to wit, November 24, 1954, defendant's motion to dissolve the attachment for the reason that the said attachment was void ab initio, and defendant's motion to dissolve the attachment by payment to Catherine Kotanchick of the sum of $310 with interest and costs and to pay over to defendant the balance of the fund in the possession of the garnishee, are hereby refused. Let an exception be noted upon each motion for defendant.