## Gimbels v. Farkas

*Richard Cantor*, for plaintiff.

*Allan B. Greenwood* and *Susan P. Windle*, for defendant and garnishee.

RILEY, J., February 1, 1968.—Gimbels obtained a judgment against Elizabeth Farkas, wife of Joseph Farkas, for purchases she made at their store on her credit and for which she failed to pay. Gimbels issued attachment execution and served Joseph Farkas as garnishee, seeking to attach funds payable upon a support order entered by this court in the amount of $30 per week against Joseph Farkas for the support of his wife. Joseph Farkas has filed a petition to strike the attachment. Gimbels contest the petition. No briefs have been filed by any of the parties. Regardless of the laxities of the attorneys, we will dispose of the substantive issue for the best interests of the clients they represent.

It is quite clear that the attachment is illegal under the law. Our courts have long and consistently held that the right to support and a support order is not a debt, but a right growing out of the marital status of husband and wife. In Commonwealth v. Berfield, 160 Pa. Superior Ct. 438, the nature of the obligation was clearly set forth:

"The obligation of a husband to support his wife does not arise in contract and is not a debt; the husband's liability is imposed by law as an incident of the marital status".

Our Supreme Court in Commonwealth ex rel Deutsch, 347 Pa. 66, has stated: "The obligation of a husband to support his wife is not one depending upon a contract and his relationship is not that of a debtor to his creditors".

We have been given oral arguments of persuasive character based upon social expediencies ranging from

the ultimate refusal of stores to sell to wives on credit if right of attachment of support orders is not accorded to merchants whose bills to the wife are not paid to the starvation of wife and little ones because of an attachment of a support order extending over weeks or months. Pennsylvania Rule of Civil Procedure 3101 defines a garnishee, among others not applicable here, as "one who owes a debt to another" and such has always been the law of enforcement of legal debts, the right to attach the debt in the hands of the debtor. It is equally clear and well established, however, that the obligation for support is not a "debt" within the legal connotation of the term and, hence, is not the subject of attachment.

Were we wont to balance our decision on grounds of social expediency, we would still incline our policy decision, as we believe does the law, in favor of the same result. No one forces the creditor, as here, to sell to anyone on credit. On the other hand, the order for support may well be the sole means of subsistence. There is no evidence of whether children are involved here, but they well might be, if not here, in another order. If the husband does not pay his order, the wife has her remedies by attachment of wages and other more potent action against his person. Policywise, the interest of basic support of wife and children is paramount over protection of a creditor.

Upon the basis of the character of the relationship of husband and wife and his obligation arising therefrom to support his wife and children as above set forth, we conclude that the husband subject to a support order is not a "debtor" of his wife so as to subject the support order to process of attachment execution for her debts. No authority to the contrary has been offered to us, nor have we discovered any in our own investigation of precedents. We do, therefore, order the judgment entered against the garnishee, Joseph Farkas, by plaintiff creditor, Gimbels, stricken.