CAUDILL, APPELLEE, *v.* CAUDILL, APPELLANT.

[Cite as Caudill v. Caudill, 20 Ohio App. 2d 100.]

(No. 1323—Decided May 12, 1969.)

*Mr. Maxwell Finkleman,* for appellee.
*Mr. H. O. Finkelman,* for appellant.

HESS, J.  This is an appeal from the Court of Common Pleas, Division of Domestic Relations, Butler County, which seeks to reverse a judgment modifying a previous decree or judgment, wherein the defendant-appellant was ordered to pay to the plaintiff-appellee alimony and support for the defendant's minor child.  The parties will be referred to herein as they appeared in the Court of Common Pleas.

The plaintiff's petition was for separate maintenance for herself and support for the minor child of the parties, then about twelve years of age..  On October 13, 1964, the defendant filed a cross-petition for divorce.  After hearing the evidence the trial court dismissed the defendant's cross-petition and entered the following order or decree:

"The court does hereby award to the plaintiff all the household goods and furniture located at the dwelling of the parties at 1602 Brentwood St., Middletown, Ohio, free and clear of all claims of the defendant, and orders that the defendant may receive any personal possessions belonging to him now on or about the premises.

"The court does further award to the defendant his automobile free and clear of all claims of the plaintiff subject to any lien thereon which the defendant is ordered to pay.

"The court further finds that there is a parcel of real estate located at 1602 Brentwood Street, Middletown, Ohio, which is jointly owned by the parties hereto and which stands in their names and orders that each of said parties shall retain his or her undivided one-half interest in and to the same. The court further enjoins either of the parties from bringing any partition suit on said real estate.

"It is further ordered by the court that the defendant pay the mortgage payments on said dwelling house and that the plaintiff shall pay the taxes and insurance thereon.

"It is further ordered that the defendant shall be responsible for the necessary repairs to the property so long as the plaintiff does not commit any waste."

The court also granted to the plaintiff the care, custody and control of the parties' minor child, and ordered the defendant to pay for her support the sum of $12.50 per week. In addition, the defendant was ordered to pay legal expenses and costs.

Thereafter, on May 3, 1968, plaintiff filed a motion to modify the decree of October 13, 1964, which motion was heard on September 5, 1968. Specifically, the plaintiff requested the court to "increase the weekly support payments for the plaintiff and the minor child due to a change in circumstances."

A motion to dismiss the motion to modify was overruled. After hearing all the evidence and arguments of counsel on the motion to modify, the court entered the following decree:

"Concerning the support of the minor child, the court orders that said weekly support be increased to $17.00 per week, the first payment due on July 12, 1968, and a like payment each and every week thereafter until the further order of the court.

"Concerning the future support and maintenance of the plaintiff, the court hereby orders that the defendant shall pay to the plaintiff the sum of $15 a week towards her maintenance, the first payment due on Friday, July 12, 1968, and a like payment each and every Friday thereafter until the further order of the court.

"All other parts of the previous orders and decrees heretofore made shall remain in full force and effect except as changed and modified in this entry."

The defendant presents two assignments of error which the court will consider in the order of their listing: "(1) The trial court failed to sustain the motion of defendant-appellant to dismiss the proceedings on the grounds of the constitutionality of the proceedings; that the court did not have jurisdiction to impose, for the first time, an order requiring the defendant to pay to the plaintiff weekly alimony for an indefinite period of time; and (2) the finding of the trial court is manifestly against the weight of the evidence."

The first assignment of error raises the issue of the jurisdiction of the trial court to modify a decree for alimony after the term of court in which it is rendered.

In this case, the parties are still married. The court approved a decree of separate maintenance in 1964, and granted to the plaintiff weekly support for their child, provided for mortgage payments to be made by the defendant and required him to make necessary repairs to the house covered by the mortgage in which the plaintiff and the child live. The mortgage payments and house repairs are and have been in the nature of alimony payable in regular installments. The child support is a continuing weekly payment.

The alimony and child support payments are both included in a domestic relation action and are covered by Section 3105.18, Revised Code, which reads as follows:

"The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

The defendant contends that the trial court did not

have jurisdiction to consider the motion to modify the decree entered on October 13, 1964; that there is no automatic continuance of jurisdiction to award alimony to a spouse after the initial decree providing for alimony is entered. These contentions of the defendant cannot be indulged.

In the case of *Griste* v. *Griste*, 171 Ohio St. 160, it is held:

"1. Under the provisions of Section 3105.20, Revised Code, in any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.

"2. The exercise of the full equity powers and jurisdiction in an alimony or divorce action includes the authority to determine the rights of the parties to alimony and division of property. * * *"

The alimony and child support contained in the original decree was not pursuant to agreement of the parties, a division of property, or a fixed sum in settlement of the ultimate property rights of the parties at that time. It was a continuing obligation to pay stipulated sums for an indefinite period.

Under these conditions, the trial court had continuing jurisdiction to review the original decree on motion to modify and make appropriate changes therein if it be shown that changed conditions required further consideration of the original decree.

The contention that the decree entered following the hearing on the motion to modify is manifestly against the weight of the evidence is not supported. There is sufficient evidence in the record to justify the finding and decree of the trial court.

The decree of the trial court entered herein is affirmed.

*Judgment affirmed.*

SHANNON, P. J., and HILDEBRANT, J., concur.