DROSSMAN, APPELLEE, *v.* DROSSMAN, APPELLANT.

(No. 951—Decided April 11, 1975.)

*Mr. William H. Smith, Jr.,* for appellant.
*Mr. Ronald G. Kaufman,* for appellee.

BROWN, P. J. Defendant, Wayne Drossman, appeals from a final order of the Erie County Court of Common Pleas, entered on November 26, 1974, denying the defendant's motion to modify the permanent alimony in monthly installments awarded to plaintiff, Leatrice Drossman (appellee), coupled with the divorce decree rendered on February 16, 1972. Defendant's motion to modify the alimony decree was based on changed conditions and circumstances following the divorce and alimony decree of February 16, 1972. These changed conditions consisted solely of plaintiff's remarriage to a Mr. Schmidt on November 30, 1973, and her sale, at a substantial profit, of the real estate awarded to her by the alimony decree.

The pertinent part of the February 16, 1972, alimony decree, which defendant sought to have modified, reads as follows:

"It is the further order of this court that Defendant shall pay the Plaintiff, through the Clerk of this Court, as alimony, the sum of Sixty Dollars ($60.00) per week, plus poundage, commencing Friday, February 18, 1972, and payable every week thereafter through the week ending on the Friday closest to the date of June 1, 1982, at which time all alimony shall be terminated. In the event, however, that Plaintiff shall obtain full time employment or remarry prior to June 1, 1982, the alimony shall be reduced to the amount of Sixty-five Dollars ($65.00) per month plus poundage, payable on the first Friday of each month thereafter."

Plaintiff testified at the alimony modification hearing that her new husband adequately supports her. Although the foregoing alimony decree ordered the alimony installments reduced from $60 per week to $65 a month upon plaintiff's remarriage, and for such monthly payments of $65 to cease on June 1, 1982, defendant contends that it was against public policy to permit the continuance of an order requiring plaintiff's former husband to continue payments of alimony installments to plaintiff after her remarriage on November 30, 1973.

Defendant's sole assignment of error states succinctly:

"The Common Pleas Court, Domestic Relations Division, erred as a matter of law in failing to grant Defendant-Appellant's Motion to Modify and thereby terminating the Sixty Five Dollars ($65.00) per month alimony payments."

Immediately following the foregoing paragraph excerpted from the February 17, 1972, alimony decree, there is this paragraph pertaining to an award of the real estate of the parties to the plaintiff:

"It is the further order of this Court that upon agreement of the parties hereto, through their attorneys, that Defendant shall quit-claim to the Plaintiff any and all interest which he may have in the home located at 529 E. Jef-

ferson Street, Sandusky, Ohio, titled in the name of the parties hereto, to the Plaintiff and that Plaintiff shall receive all the furniture, household goods and other household belongings in said home.''

Defendant's argument that plaintiff's right to alimony installment payments ceased upon her remarriage relies primarily upon the leading case of *Hunt* v. *Hunt*, 169 Ohio St. 276, paragraphs 1 and 2 of the syllabus, which hold:

"1. Where, in a divorce action, permanent alimony is ordered paid by the husband to the wife in a fixed amount per month, payable monthly 'hereafter', based upon an agreement between the parties which does not constitute a property settlement and is not related to support of children, and where the alimony order contains no provision for termination of such payments or reservation of jurisdiction by the court, the subsequent marriage of such wife to another man capable of supporting her constitutes an election on her part to be supported by her new husband and an abandonment of the provision for permanent alimony from her divorced husband.

''2. Under such circumstances, it is contrary to good public policy to require the divorced wife's former husband to continue to make such alimony payments, and reservation of jurisdiction is implied so that the equitable power of the court may be invoked to modify its order accordingly. (*Olney* v. *Watts*, 43 Ohio St., 499, followed and extended; *Newman* v. *Newman*, 161 Ohio St., 247, and *Law* v. *Law*, 64 Ohio St., 369, distinguished.)''

Unlike *Hunt* v. *Hunt, supra*, the present order does contain a provision for the termination of alimony payments at a fixed time—namely, June 1, 1982. There was no termination date for alimony payments in *Hunt*, and no provision therein for payments of alimony in the event of remarriage. Unlike *Hunt*, the monthly alimony installment payments of $65 in the present case, to continue until June 1, 1982, coincided with the amount of monthly mortgage payments for the entire life of the mortgage on the realty awarded to plaintiff, if such mortgage was paid

off according to its payment provisions of $65 monthly. *Hunt,* is, therefore, not controlling.

The defendant testified that the $65 monthly payments to plaintiff to continue until June 1, 1982, if plaintiff remarried, was designed to pay off the real estate mortgage. This evidence, coupled with the 1972 alimony decree and other corroborative facts, demonstrated that the remarriage of plaintiff was within the contemplation of the parties when the alimony decree was entered, and exhibited an intent by the parties that the alimony decree "instead of being in the nature of alimony in installments for the support of the wife, was in the nature of a permanent division of the husband's property and that the parties fixed the same by their own agreement." The action of the trial court in fashioning the alimony decree was simply affirming the agreement of the parties, and made the alimony decree in the nature of a property settlement, not subject to modification thereafter, even after the remarriage of the wife. *Hunt* v. *Hunt, supra* at 280; *Olney* v. *Watts,* 43 Ohio St. 499 at 508; *Alsop* v. *Commr. of Internal Revenue* (C. C. A. 3), 92 F. 2d 148; cf. *Kuert* v. *Kuert,* 60 N. M. 432, 292 P. 2d 115; cf. *Caudill* v. *Caudill,* 20 Ohio App. 2d 100.

Accordingly, the trial court was correct in refusing to modify the permanent alimony decree upon defendant's motion. Defendant's assignment of error is not well taken. The judgment of the Erie County Court of Common Pleas, refusing to modify the alimony decree, is affirmed.

*Judgment affirmed.*

WILEY and FRANKLIN, JJ. concur.

FRANKLIN, J., of the Court of Common Pleas of Lucas County, sitting by designation in the Sixth Appellate District.