393 A.2d 1224

COMMONWEALTH of Pennsylvania ex rel. Helene SMITH

v.

Richard SMITH, Appellant.

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided Oct. 20, 1978.

Ernest E. Jones, Philadelphia, for appellant.

Elliot M. Drexler, Warminster, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from an order attaching appellant's wages in the amount of $20 per week on account of support arrearages payable to appellee, who is appellant's former wife.

The parties were married in June 1967. On July 24, 1972, while the parties were separated, an order was entered awarding appellee support in the amount of $15 per week. Appellant never made any payments in compliance with this order. On November 17, 1975, the order was vacated as of May 22, 1975, on which date the parties had been divorced, and the arrearages, which were $2,165, were reduced to judgment. On July 27, 1976, appellee sought to recover the arrearages by filing a petition to attach appellant's wages. It is from the order granting this petition that appellant appeals.

–1–

The first question is whether appellee's right to recover the arrearages is affected by the fact that she and appellant have been divorced.

"The purpose of support is to provide a dependent spouse, with a reasonable living allowance. *Commonwealth ex rel. Bishop v. Bishop*, 234 Pa.Super. 600, 341 A.2d 153 (1975); *Commonwealth ex rel. Bassion v. Bassion*, 199 Pa.Super. 541, 185 A.2d 822 (1974). The obligation to provide support is imposed as an incident of the marital relationship which is conceived of as a unity. *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa.Super. 428, 323 A.2d 766 (1974); *Commonwealth ex rel. Lebowitz v. Lebowitz*, 227 Pa.Super. 593, 307 A.2d 442 (1973); *Commonwealth v. Berfield*, 160 Pa.Super. 438, 51 A.2d 523 (1974). When that unity is severed the obligations incident to it cease." *Hellman v. Hellman*, 246 Pa.Super. 536, 547, 371 A.2d 964, 969–70 (1977) (dissenting opinion). Accordingly, upon the divorce, appellant's obligation to support appellee ceased. *Commonwealth ex rel. Jones v. Jones*, 216 Pa.Super. 1, 260 A.2d 809 (1969). However, "[t]he duties, rights and claims accruing to [the husband] in pursuance of his marriage which ceased and determined with the decree of divorce, did not apply to his existing financial obligations that were legally fixed prior thereto." *Commonwealth, to use, v. Foltz*, 50 Pa.Super. 576, 579 (1912). It is therefore clear that a court may compel compliance with a support order, including an order for the payment of arrearages, after the obligation of support has ceased, as long as the order was entered before the divorce. *Commonwealth v. Cieply*, 162 Pa.Super. 346, 57 A.2d 910 (1948).

–2–

Appellant concedes that pursuant to the Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, § 9; July 3, 1957, P.L. 452, § 1, 62 P.S. § 2043.39(c), wages of "any person owing a duty of support may be attached . . .". He contends, however, that upon being divorced he ceased being a "person owing a duty of support". Therefore, appellant reasons, attachment is no longer available to appellee, and to recover the arrearages she must proceed to execute on the judgment; in other words, since the divorce, she is like any other judgment creditor.

█ The difficulty with appellant's argument is that it defines "duty of support" in terms of, and as limited by, "person": there is no "duty" if the "person" said to have the "duty" has been divorced. However, Section 1 of the Civil Procedural Support Law, *supra*, 62 P.S. § 2043.32, defines "duty of support" as including "any duty of support imposed or imposable by law or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, prosecution for failure to support a child born out of lawful wedlock, or otherwise." Here, the lower court entered an "order . . . incidental to a proceeding [by appellee] for . . . separate maintenance," directing appellant to support appellee. Thus, the "duty of support" has been "imposed" on appellant. Since appellant has never fulfilled this duty by paying the support so ordered, the duty is still "owing".

This conclusion is reinforced by the rationale of the Civil Procedural Support Law, which is that a support obligation is not a debt, and therefore the means of enforcement should not be limited to those available to collect a debt. In this regard, in *Commonwealth v. Berfield, supra* 160 Pa.Super. at 441–42, 51 A.2d at 525, we said:

The obligation of a husband to support his wife does not arise in contract and is not a debt; the husband's liability is imposed by law as an incident of the marital status. And because of the obligation arising from that status and the legal unity of husband and wife, our appellate courts have held that a wife may look to a fund payable to her husband, however safeguarded by law or by the language of its creation, from attachment by others. *Moorehead's Estate,* 289 Pa. 542, 552, 137 A. 802, 52 A.L.R. 1251; *Com. ex rel. v. Peterson,* 100 Pa.Super. 600. The legal unity existing between husband and wife make them one so far as support is concerned. *Decker v. Poor Directors,* 120 Pa. 272, 13 A. 925. Thus, it has been consistently held that a wife may look for support to a spendthrift trust, though created for the sole benefit of her husband. *Moorehead's*

*Estate,* supra; *Stewart's Estate,* 334 Pa. 356, 5 A.2d 910; *Lippincott et al. v. Lippincott et al.,* 349 Pa. 501, 37 A.2d 741. So also, an order against a husband for support can be enforced out of workmen's compensation payments notwithstanding the provision of § 318 of the Act of June 2, 1915, P.L. 736, reënacted June 21, 1939, P.L. 520, 77 P.S. 621, exempting such payments from levy, execution and attachment. *Com. ex rel. v. Peterson,* supra. On the same principle, in spite of statutory exemption from attachment (Act of April 15, 1845, P.L. 459, § 5, 42 P.S. 886) a wife may enforce the payment of her support out of wages due her husband in the hands of his employer. *Commonwealth ex rel. Deutsch v. Deutstch,* 347 Pa. 66, 31 A.2d 526.

No doubt the legislature *could* have provided that despite the special status of an obligation to pay support, the right to enforce the duty of support by attachment would cease upon divorce. However, nothing in the Civil Procedural Support Law implies that the legislature intended to impose such a limitation on the right of attachment. To the contrary, section 3 of that statute provides that "[t]he proceedings provided by this act are in addition to and not in substitution of proceedings provided by law where there is desertion or a failure of duty to support." 62 P.S. § 2043.33.

Furthermore, practical considerations support the conclusion that the mere entry of a divorce decree should not limit support enforcement remedies. Since support is fixed in an amount found necessary for living expenses, the existence of arrearages implies that a financially dependent spouse has been forced to go into debt to meet living expenses, so that the dependent's spouse's need to have the arrearages paid remains. However, non-payment of support is not a defense to an action for divorce in Pennsylvania. Thus a judgment-proof husband may obtain a decree of divorce despite pre-existing support obligations. If we were to accept appellant's argument, and hold that these obligations could not be enforced by attachment, the result, as a practical matter, would be that the obligations might never

be enforceable. The evident injustice of this result would be enhanced by the fact that Pennsylvania remains a state that does not provide for permanent alimony. If permanent alimony were provided before granting a divorce the court could adjust the amount of alimony to reflect the amount of unpaid support.

–3–

Appellant finally contends that even if the right of attachment survives divorce—as we have just held it does—still, appellee has lost this right because of laches.

■■ In *Leedom v. Thomas,* 473 Pa. 193, 200, 373 A.2d 1329, 1332 (1977), the Supreme Court said:

This defense [of laches] bars relief when "the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice." *Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 133, 221 A.2d 123, 126 (1966); accord, *Thompson v. Curwensville Water Co.,* 400 Pa. 380, 162 A.2d 198 (1960); *Commonwealth ex rel. Storb v. Schroll,* 398 Pa. 354, 157 A.2d 179 (1960). A party asserting laches must demonstrate prejudice resulting from the lapse of time. *Kay v. Kay,* 460 Pa. 680, 334 A.2d 585 (1975); *Beaver v. Penntech Paper Co.,* 452 Pa. 542, 307 A.2d 281 (1973); *Young v. Hall,* 421 Pa. 214, 218 A.2d 781 (1966); *Miller v. Hawkins,* 416 Pa. 180, 205 A.2d 429 (1964); *Brodt v. Brown,* 404 Pa. 391, 172 A.2d 152 (1961). The question of laches is factual and is determined by examining the circumstances of each case. *Siegel v. Engstrom,* 427 Pa. 381, 235 A.2d 365 (1967); *Wilson v. King of Prussia Enterprises, Inc.,* supra; *Mulholland v. Pittsburgh National Bank,* 418 Pa. 96, 209 A.2d 857 (1965).

We agree with appellant to this extent: as a matter of law, it is possible for the right of attachment to be lost by laches. It is true that the social importance of maintaining the family relation, and the realization that spouses cannot be

expected to treat each other as strangers, has led to the rule that statutes of limitation and the defense of laches ordinarily do not apply in actions between spouses. *Morrish v. Morrish,* 262 Pa. 192, 105 A. 83 (1918). *See Shapiro v. Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966). This rule is to provide for such a case as when, for example, a wife has allowed arrearages to accumulate rather than attaching her husband's wages because she still hopes to be reunited with her husband. However, once the marital unity has been severed, the former spouses must start to regard each other as legal strangers. To hold otherwise would make it possible for an attachment proceeding to be brought years after divorce, for an improper purpose. For example, a delayed attachment might be sought from hatred, to embarrass the former spouse, or from greed, to get money not to satisfy a debt incurred because the old support arrearages were never paid but rather so that some luxury could be bought.

While we therefore hold that appellant may assert the defense of laches, we recognize that the defense will in any case be difficult to prove, for as said in *Leedom v. Thomas, supra,* one asserting it must not only prove that the claimant "is guilty of want of due diligence," but must further prove "prejudice resulting from the lapse of time." We need not decide what circumstances, given the special status of support obligations, *Commonwealth v. Berfield, supra,* might constitute "prejudice", although we do note that the mere fact of delay in collecting on a fixed debt would not. Here, appellant has argued that appellee was not diligent in asserting her rights. We assume he is right. Still, he has not proved, nor even alleged, that he has been prejudiced. Therefore, the defense of laches is unavailable, and it is not necessary to inquire further.

Affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.