## Commonwealth ex rel. Moskey v. Moskey

*George B. Kaufman,* for plaintiff.
*Joseph B. Policicchio,* for defendant.

COFFROTH, *P.J.,* October 13, 1981—This support case is before the court on the domestic rela-

tions department's petition for rule on defendant to show cause why defendant's unemployment compensation checks, forwarded to the department by the Commonwealth pursuant to an attachment thereof by the department on a support order for maintenance of defendant's four minor children in plaintiff's custody, should not be negotiated and applied to payment of said support order, defendant having failed and refused to endorse said checks.

Defendant contends that the checks are exempt from attachment by §703 (43 P.S. §863) of the Unemployment Compensation Law as amended (43 P.S. §§751 et seq), which provides as follows:

§863. No *assignment of compensation; exemptions*

"No assignment, pledge, or encumbrance of any right to compensation which is or may become due or payable under this act shall be valid, and such rights to compensation shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt. Compensation payments received by an employe, so long as they are not mingled with other funds of the employe, shall be exempt from any remedy whatsoever for the collection of all debts, except debts incurred for necessaries furnished to such individual or his spouse or dependents during the time when such individual was unemployed. No waiver of any exemption provided for in this section shall be valid: Provided, however, That upon receipt of notification, the department shall forward to the Department of Public Assistance benefit checks equal to amount of public assistance paid to an individual for necessaries furnished such individual or his spouse or dependents during the time when such individual was unemployed." (Emphasis supplied.)

There are two sound legal reasons why the defense interpretation of §703 is incorrect:

(1) The statute's exemption of unemployment compensation benefit from attachment applies only to "the collection of debt," as stated in the first sentence of §703 above; and it is well established in numerous decisions that a support order is not a debt and that the policy of the law is against exempting moneys and property of a support obligor from attachment and execution for family subsistence which is essential to survival. The very purpose of the exemption is not to insulate the funds from being reached for family support purposes as defendant's contention would accomplish, but to assure the flow of funds to family subsistence free from creditors' claims. See: Com. ex rel. Caler v. Caler, 38 Somerset 185, 193-4, 16 D. & C. 3d 14 (1980); Com. ex rel. Mishler v. Mishler, 36 Somerset 414, 425 (1979); Yanosky v. Yanosky, et al, 33 Somerset 172 (1976); Com. ex rel. Magrini v. Magrini, 263 Pa. Superior Ct. 366, 398 Atl. 2d 179 (1979); Com. v. Berfield, 160 Pa. Superior Ct. 438, 51 Atl. 2d 523 (1947); Com. ex rel. Peterson v. Peterson, 100 Pa. Superior Ct. 600 (1930); compare Pension Fund of Pittsburgh, 239 Pa. Superior Ct. 111, 362 A. 2d 1011 (1976). In this case we need not undertake to interpret the second sentence of §703 supra dealing with compensation payments received by the employee, which is inapplicable here because the payments have not been received by defendant.

(2) The foregoing interpretation of the exemption statute is expressly incorporated into the Unemployment Compensation Law and all statutes of the Commonwealth by the Act of 1976 P.L. 993, §432.8 to the Public Welfare Code, 62 P.S. §432.8, which provides as follows:

"Notwithstanding any other provision of law moneys due from or payable by the Commonwealth of Pennsylvania (including any agency, instrumentality or authority thereof) due to any individual shall be subject, in like manner and to the same extent as if the Commonwealth of Pennsylvania were a private person, to legal process brought for the enforcement against such individual of his legal obligations to provide support for a child or spouse."

Compare Pension Fund of Pittsburgh, supra, decided March 29, 1976, prior to enactment of § 432.8 of the Public Welfare Code supra by the Act of July 9, 1976, P.L. 993, effective in 60 days.

## CONCLUSION

From the foregoing it is clear that defendant's children are entitled to have their support order paid from defendant's unemployment checks now and hereafter placed in the hands of the department.

## ORDER

Now, October 13, 1981, unless defendant endorses his unemployment checks now in possession of the Domestic Relations Department within five days, and endorses such checks hereafter received by the department within five days after notice thereof is mailed to defendant, the department director shall endorse the same in the name of the payee and cash the same and hold the proceeds thereof in a department account, or deposit the checks in such account, for application to defendant's support order, including arrearages and current payments as they become due from time to time, for which this order shall be the director's sufficient authority.