471 A.2d 839

**Dolores N. SCHIFANO, Appellant,**

v.

**John A. SCHIFANO.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1983.

Filed Jan. 13, 1984.

282

284

Damon John Faldowski, Washington, for appellant.

John R. Valaw, Pittsburgh, for appellee.

Before BROSKY, McEWEN and BECK, JJ.

McEWEN, Judge:

This appeal is taken from an order of the Court of Common Pleas of Washington County which (1) dismissed a petition for modification of a separation agreement which

had been incorporated into a foreign divorce decree and (2) discharged a rule to show cause why appellee should not be held in contempt for failure to pay arrearages under a prior order of support. We affirm in part, reverse in part and remand.

Appellant, Dolores N. Schifano, and appellee, John A. Schifano,[1] were married on July 11, 1953, in Pennsylvania. Four children, all of whom are now emancipated, were born of the marriage. After the parties separated in September of 1976, husband initiated divorce proceedings in Allegheny County on October 19, 1976. Thereafter, husband was ordered by the Allegheny County Court to pay $450.00 per month for the support of his wife and $150.00 per month for the support of a minor child. The order of support was subsequently reduced to $350.00 for the support of the wife alone, the minor child having attained the age of eighteen.[2]

On May 23, 1980, husband effectuated by praecipe the dismissal of the divorce action he had initiated in Allegheny County, only to institute, one month later, an action in divorce in Mahoning County, Ohio.

Five months later, wife, a resident of Washington County, filed a complaint in divorce in Allegheny County. Preliminary objections alleging improper venue were filed by husband, who was then residing in Mahoning County, Ohio. These objections were sustained by the Allegheny County Court and the case was transferred to the Court of Common

1. For the sake of clarity, we shall refer to appellant as "wife" and appellee as "husband" throughout this opinion, although the parties were no longer husband and wife after October 7, 1981.

2. Additionally, on April 18, 1979, husband was ordered to pay the real estate taxes on the Washington County residence owned by the parties, an automobile repair bill as well as medical bills incurred by wife up to the amount of $100.00 per month. On November 15, 1979, husband was ordered to pay $50.00 per month on accumulated arrearages of $329.50, the 1980 real estate taxes on the jointly held real estate and one-half of the $576.01 utility bills then overdue. On January 2, 1981, husband was ordered to pay an automobile repair bill incurred by wife in the amount of $126.78.

Pleas of Washington County by order dated January 21, 1981.[3]

The Ohio action instituted by husband was scheduled for trial on October 7, 1981. Wife filed an answer in the action and was represented by counsel.[4] Prior to the hearing on the matter, husband and wife entered into a separation agreement which was incorporated by reference into the final decree of divorce issued by the Ohio Court on October 7, 1981. The agreement provided, *inter alia:*

1. The parties were married in Pittsburgh, Pennsylvania on the 11th day of July, 1953.

2. There were four (4) children born as issue of said marriage, but all are now emancipated.

3. Differences have arisen between the parties and they are now living separate and apart from each other.

4. The parties hereto desire to and by this Agreement do, settle and determine and hereby provide for a division of all property belonging to the parties, or to either of them, and alimony.

5. NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, AND THE MUTUAL PROMISES AND AGREEMENTS HEREINAFTER SET FORTH, the parties hereto agree as follows:

\* \* \* \* \* \*

ARTICLE III. EXPENSES AND DEBTS.

Each party shall be responsible for any and all outstanding obligations presently standing in their own name.

\* \* \* \* \* \*

ARTICLE V. ALIMONY:

A. As and for distribution of marital property accumulated, Husband shall pay to the Wife, the sum of TWO THOUSAND DOLLARS ($2,000.00).

---

3. Due to failure to pay the filing fees, the case was not docketed until February 25, 1982.

4. Wife does not now, nor could she allege that the Ohio Court lacked jurisdiction over her person.

B. As and for periodic alimony, the Husband shall pay to the Wife, the sum of THREE HUNDRED DOLLARS ($300.00) per month in alimony through the Mahoning County Bureau of Support, County Building, Youngstown, Ohio. Said payments shall be payable in monthly installments on the 15th day of each and every month and shall commence on the 15th day of November, 1981. The Husband shall pay the poundage due each and every month to the Mahoning County Bureau of Support. This obligation shall terminate on the 15th day of October, 1983.

\* \* \* \* \* \*

## ARTICLE VIII. DISCLOSURE:

The parties hereto declare that each has disclosed to the other the full nature and extent of and have been fully informed of the true assets and liabilities of each, and that after such knowledge and information, each signs this Agreement freely and voluntarily, neither relying upon any representation other than those expressly set forth herein. No statement or prior written matter extrinsic to this Agreement shall then have any effect.

\* \* \* \* \* \*

## ARTICLE IX. UNDERSTANDING OF PARTIES:

Each party fully understands all of the terms herein set forth: all of said terms represent and constitute the entire understanding between them; each party has read this Agreement and finds the same to be in accordance with his and her understanding; and each party hereto hereby acknowledges that each of them is making, executing and affixing his and her signature, in the presence of the witnesses hereafter indicated, by his or her own free will and violation, and that no coercion, force, pressure nor undue influence has been used against either party to this Agreement or by any other person or persons.

\* \* \* \* \* \*

ARTICLE XI. CONSTRUCTION OF AGREEMENT:

All provisions of this Agreement shall be construed and enforced in accordance with the applicable laws of the State of Ohio. If a divorce is granted by the Domestic Relations Court of Mahoning County, it is exclusively understood that this SEPARATION AGREEMENT shall be incorporated into the Court's Decree of Divorce as if fully rewritten therein.

\* \* \* \* \* \*

ARTICLE XII. MODIFICATION OR WAIVER:

No modification or waiver of any of the provisions of this Agreement nor any alteration or change to this Agreement shall be valid unless in writing, signed by both of the parties hereto, (or by order of Court), and executed with the same formalities as this Agreement. No waiver of any breach or default hereunder shall be deemed the waiver of any subsequent breach or default of a same or similar nature.

IN WITNESS WHEREOF, the said Husband and Wife have set their hands this 7th day of October, 1981, at Youngstown, Ohio.

After the Ohio Court had issued a final decree in divorce, husband purchased a home in Washington County, Pennsylvania, where he is now domiciled. Wife continues to reside in Washington County.

On July 2, 1982, wife filed two petitions in the Court of Common Pleas of Washington County which, for the sake of clarity, we shall discuss separately.

The first petition sought modification of the alimony provisions of the separation agreement that had been incorporated into the decree of the Ohio Court. The hearing court dismissed this petition after it had concluded that the Ohio Courts had sole jurisdiction to modify the separation agreement which had been incorporated into the final decree of divorce entered there. Wife contends that this holding was error.

■ "Before a court may determine a legal action, it must possess both subject-matter jurisdiction and jurisdiction of

the person." *Slezynger v. Bischak*, 224 Pa.Super. 552, 553, 307 A.2d 405, 406 (1973). " 'The test of [subject matter] jurisdiction is the competency of the court to determine controversies of the general class involved, and whether the court had power to enter upon the inquiry, *not* whether it might ultimately decide that it could not give relief in the particular case.' " *Carelli v. Lyter*, 430 Pa. 543, 546, 244 A.2d 6, 8 (1968) *quoting Drummond v. Drummond*, 402 Pa. 534, 538, 167 A.2d 287, 290 (1961) (emphasis supplied). *See also Simpson v. Simpson*, 404 Pa. 247, 251, 172 A.2d 168, 171 (1961). The court in the instant case clearly possessed subject matter jurisdiction over the controversy. Moreover, both appellee and appellant are residents of the Commonwealth of Pennsylvania and personal jurisdiction over appellee was properly obtained. *See Simpson v. Simpson, supra*, 404 Pa. at 251, 172 A.2d at 171; 42 Pa.C.S. § 5301. The court, therefore, possessed jurisdiction to determine the merits of the present controversy.

■ The separation agreement which wife sought to modify provides that all provisions of the agreement are to be construed and enforced in accordance with Ohio law. Therefore, the question of whether the alimony provisions of the agreement were susceptible to modification must be decided according to Ohio law. Restatement Second, Conflict of Laws § 187.[5] *See also Silvestri v. Slatowski*, 423

---

5. Section 187 of the Restatement, Second, Conflict of Laws provides:
 **§ 187. Law of the State Chosen by the Parties**
 (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
 (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
 (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
 (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the

Pa. 498, 501, 224 A.2d 212, 215 (1966); *Gillan v. Gillan,* 236 Pa.Super. 147, 152, 345 A.2d 742, 745 (1975).

A decree awarding temporary alimony is not subject to modification under Ohio law if the alimony award is not solely for support but is in settlement of the property rights of the parties. *Wolfe v. Wolfe,* 46 Ohio St.2d 399, 418, 350 N.E.2d 413, 425 (1976). *Accord Crouser v. Commissioner of Internal Revenue,* 668 F.2d 239 (6th Cir.1981). The separation agreement we review was clearly intended to provide for the division of all marital property as well as alimony. Moreover, the agreement provided for alimony in a definite amount payable in installments over a stated period of time without any contingencies. "Ohio courts will not modify alimony awards for a definite amount of money without contingencies when those judgments have been granted pursuant to an agreement of the parties." *Vaught v. Vaught,* 2 Ohio App.3d 264, 268, 441 N.E.2d 811, 815 (1981). *Accord: Drossman v. Drossman,* 48 Ohio App.2d 81, 355 N.E.2d 891 (1975). " 'This rule of finality of judgments is especially applicable to divorce judgments where there is an agreement which is incorporated into the journal entry of the trial court and where the trial court has not reserved jurisdiction to modify. The reason that such a decree is final and the court does not have continuing jurisdiction to modify it is that the parties voluntarily entered into a legally binding and enforceable contract. Where parties enter into an agreement and it is submitted to the court, approved and incorporated into a divorce decree, justice requires that the agreement be binding upon both parties.' " *Vaught v. Vaught, supra,* 2 Ohio App.3d at 266, 441 N.E.2d at 813 *quoting Popovic v. Popovic,* 45 Ohio App.2d 57, 64, 341 N.E.2d 341, 346 (1975).

It is apparent that under Ohio law the separation agreement is not susceptible to modification based upon

applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

changed circumstances. The trial court, therefore, properly dismissed the petition for modification filed by wife. In light of the fact that modification is prohibited by Ohio law, there is no need to consider the law of Pennsylvania upon the subject of modification of a foreign decree awarding alimony. *See,* however, *Young v. Young,* 320 Pa.Super. 269, 467 A.2d 33 (1983); *Sohmer v. Sohmer,* 318 Pa.Super. 500, 465 A.2d 665 (1983).

The other petition filed by wife sought to hold husband in contempt for a failure to comply with support orders entered in Allegheny County prior to the date of the final decree in divorce. Wife alleged that husband had failed to pay: (1) certain medical bills in accordance with an order dated April 18, 1979 and (2) real estate taxes for 1979, 1980 and 1981 due on their marital home. The hearing court entered a rule upon husband to show cause and scheduled argument upon the rule for August 6, 1982. Husband filed preliminary objections raising lack of jurisdiction based upon the Ohio divorce decree, but failed to appear at the scheduled hearing. The court thereupon entered the following order:

AND NOW, this 6th day of August, 1982, this being the return date of the Rule which was filed by Dolores N. Schifano in the above matter and it further appearing that no answer having been filed on behalf of the defendant, John A. Schifano nor did he appear in person or by counsel, the undersigned takes note of the following facts and circumstances of this matter:

1. The Court assumes jurisdiction of this matter after reviewing the order dated January 21, 1981 signed by the Honorable Eugene Strassburger of the Court of Common Pleas of Allegheny County thus sending the case to Washington County;

2. The court has been made aware that a divorce decree was entered on October 7, 1981 in Mahoning County, Ohio. In addition the Court has reviewed the stipulation and agreement that was signed by the parties

on October 7, 1981 and incorporated into the Order of the Ohio decree;

3. The separation agreement executed by the parties does not address itself to the obligation of John Schifano to comply with the orders of the support court of Allegheny County which were entered during the period of April 18, 1979 until March 18, 1982 and therefore it would seem that the plaintiff has a right to request enforcement of the Allegheny County orders in this Court;

4. The court has reviewed the Order dated March 18, 1982 signed by Honorable Eugene Strassburger dismissing the case filed in Allegheny County and this Court believes that this Order did not dispose of the matter of arrearages accumulated through non-compliance of the previous Orders entered by the Court of Common Pleas of Allegheny County.

5. Pursuant to the aforesaid orders the defendant was to pay the real estate taxes on the jointly owned premises for the year 1979. In addition he was also ordered to pay the medical, dental and prescription expenses incurred by the plaintiff in the amount of $626.95.

The Court has been made aware that Dolores N. Schifano paid $862.00 to the Washington County Tax Claim Bureau for the real estate taxes due and owing for the year 1979;

6. Pursuant to the aforesaid orders dated November 15, 1979 the defendant was to pay the real estate taxes on the jointly owned premises and one-half of the delinquent utilities relative to the premises in the amount of $766.30 as of the date of the foregoing order;

7. Pursuant to the aforesaid orders dated March 17, 1980 the defendant was ordered to pay the 1980 real estate taxes on the jointly owned premises. A statement from the Washington County Tax Claim sets forth the taxes in the amount of $942.61;

8. Pursuant to the same dated January 2, 1981 the defendant, John A. Schifano, was ordered to pay real estate taxes on the jointly owned premises for this year in the amount of $966.00 approximately;

THEREFORE, AND NOW this 6th day of August, 1982 a Rule issues upon John A. Schifano, the defendant in the above captioned case, that he show cause if any there be why the various items of money asserted to be immediately receivable from him as arrearages on a support theory to wit:

(a) $626.95 for medical, dental and prescription bills,

(b) $2,770.61 for the 1979, 1980 and 1981 real estate taxes on the jointly owned premises, and

(c) $383.15 for ½ of the utilities due and owing not be aggregated and deemed duly payable today in the amount of $3,780.71 forthwith. Upon application and security post installment payments will be considered at return.

Rule returnable on August 19, 1982 at 2:30 p.m. in Courtroom No. 1 before the undersigned.

Thereafter, the learned President Judge Charles G. Sweet issued an opinion and order on November 22, 1982, holding, *inter alia,* that the separation agreement which had been incorporated into the foreign divorce decree did not specifically address the liability of husband for arrearages under the prior orders of support but declining to resolve the issue of arrearages on the basis of comity. Wife contends that this determination was error.

■■■■ " 'Comity', used in the legal sense, is not a rule of law, but a principle, given effect out of deference and respect for the action of courts of other jurisdictions. Technically it means 'where one authority gives way to another.' " *Wolgin v. State Mutual Investors,* 265 Pa.Super. 525, 530, 402 A.2d 669, 672 (1979). *See also* P.L.E. Divorce § 202. The Ohio divorce decree which incorporated the separation agreement of the parties was entitled, however, to full faith and credit. *Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483 (1974); *Watson v. Watson,* 243 Pa.Super. 23, 364 A.2d 431 (1976); P.L.E. Divorce § 201. Article 4 § 1 of the U.S. Constitution provides that full faith and credit shall be given in each state to the public acts, records

and judicial proceedings of every other state. The purpose of the full faith and credit provision is to preserve rights acquired under the judicial proceedings of one state by requiring recognition of their validity in other states. *Pink v. A.A.A. Highway Express, Inc.,* 314 U.S. 201, 62 S.Ct. 241, 86 L.Ed. 152 (1941), reh. denied 314 U.S. 716, 62 S.Ct. 477, 86 L.Ed. 570 (1942). If the separation agreement executed by the parties and incorporated into the Ohio divorce decree was intended to relieve husband of the obligation to pay the arrearages due under the prior orders of support, the full faith and credit clause would require that the petition filed by wife be dismissed.

■ The parties were free to provide in their separation agreement for the cancellation of all outstanding arrearages owed by husband under prior support orders and such provision would be binding upon this Court. Our review of the separation agreement, however, persuades us that the parties did not provide for the resolution of the issue of arrearages owed by husband. The agreement executed by the parties provided, *inter alia:* "[e]ach party shall be responsible for any and all outstanding obligations presently standing in their own name." Ohio law on the interpretation of contracts is clear. " 'The first general maxim of interpretation * * * is, that it is not allowable to interpret what has no need of interpretation. When a * * * [writing] is worded in clear and precise terms; when its meaning is evident, and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which * * * [it] naturally presents.' " *Allen v. Standard Oil Co.,* 2 Ohio St.3d 122, 124, 443 N.E.2d 497, 499 (1982) *quoting Lawler v. Burt,* 7 Ohio St. 340, 350 (1857).

The obligation of husband for arrearages due and owing under the prior support order was an outstanding obligation presently standing in his own name on October 7, 1981. The express provisions of the separation agreement provide that husband would remain liable for such obligations. The separation agreement, therefore, has no effect on the resolution of the issue of arrearages which accumulated prior to the divorce of the parties.

 Husband also contends that the final decree of divorce relieved him of the obligation to comply with the prior orders of support entered by the Allegheny County Court. While the decree of divorce terminated husband's duty to provide support, *Commonwealth ex rel. Brown v. Brown,* 254 Pa.Super. 410, 414–415, 386 A.2d 15, 17–18 (1978); *Commonwealth ex rel. Platt v. Platt,* 227 Pa.Super. 423, 424, 323 A.2d 29, 30 (1974), the divorce decree itself did not affect " 'his existing financial obligations that were legally fixed prior thereto.' " *Commonwealth ex rel. Smith v. Smith,* 260 Pa.Super. 203, 206, 393 A.2d 1224, 1226 (1978) *quoting Commonwealth to use, v. Foltz,* 50 Pa.Super. 576, 579 (1912). A court may compel compliance with a support order, including an order for the payment of arrearages, after the obligation of support has ceased, as long as the support order was entered before the divorce. *Commonwealth ex rel. Smith v. Smith, supra,* 260 Pa.Super. at 206, 393 A.2d at 1226. The decree of divorce, therefore, is not relevant to the resolution of the issue of husband's liability for arrearages which accumulated prior thereto.

 Wife alleges that husband has not complied with the order of April 18, 1979, which she contends obligated him to pay her medical expenses.[6] However, the order of April 18, 1979, directed husband to pay only the first one hundred dollars of medical expenses incurred by wife during each calendar month. Moreover, the order of April 18, 1979, was amended by the subsequent order of November 15, 1979, which relieved husband of all obligation for medical bills incurred thereafter by wife. We are unable to determine from the record presently before us whether the bills for which wife seeks payment were incurred between April 18, 1979 and November 15, 1979, and were under the one

6. Wife alleges that appellee is liable for the following bills: A.J. FABIAN, DDS—$219.00; Hall Associates Ltd.—$239.00; Doty Prescription Opticians—$72.00; Dormont Chiropractic Clinic, $20.00; Warner & Cramer, MD—$35.00; Louis Signorella, MD, $15.00; McMurray Pharmacy, $26.95.

hundred dollar monthly maximum. Upon remand, the trial court shall determine if husband was obligated, pursuant to the order of April 18, 1979, to pay these bills.

Wife also seeks payment of the 1979, 1980 and 1981 real estate taxes on the Washington County residence owned by the parties. Our review of the record discloses that prior to the date of the decree of divorce the Allegheny County Court entered orders directing husband to pay the 1979 and 1980 real estate taxes. We are unable to locate, however, any order directing him to pay the 1981 real estate taxes on the residence. For the reasons recited above, husband may be liable for arrearages resulting from his failure to pay the 1979 and 1980 real estate taxes. However, in the absence of a prior support order directing him to pay the 1981 real estate taxes, this amount may not be included in arrearages.

That part of the order of the Court of Common Pleas of Washington County dismissing the petition for modification of the foreign decree awarding alimony is affirmed. The order dismissing the rule to show cause why John Schifano should not be held in contempt is reversed and the case remanded for a determination of whether any amounts are owed under prior orders of support.

Jurisdiction is relinquished.